481 A.2d 1352

**COMMONWEALTH of Pennsylvania**

v.

**Anton SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 1984.

Filed Sept. 21, 1984.

156

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and ROWLEY and BECK, JJ.

SPAETH, President Judge:

This is an appeal from judgment of sentence for robbery. Appellant was tried by a judge sitting without a jury on charges of robbery,[1] theft,[2] and receiving stolen property,[3] and was found guilty of having violated Section 3701(a)(1)(v) of the Crimes Code, 18 Pa.C.S. § 3701(a)(1)(v), which provides that "... a person is guilty of robbery if, in the course of committing a theft, he ... (v) physically takes or removes property from the person of another by force however slight." Appellant concedes that the evidence was sufficient to prove theft but argues that it was insufficient to prove robbery because it did not prove "force however slight." We agree and therefore reverse the judgment of sentence and remand for imposition of sentence for theft.

In determining the sufficiency of evidence, we must view the evidence, including all reasonable inferences from it, in the light most favorable to the Commonwealth. *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979). So viewed, the evidence established the following.

On the evening of August 26, 1981, appellant approached Joseph Walker, a blind man, and asked him for a cigarette. Mr. Walker, who had known appellant for two years and recognized his voice, answered that he did not have a cigarette, and continued on his walk to a store. On Mr. Walker's return from the store, appellant reached into Mr. Walker's pants pocket, removed a partially protruding pack of cigarettes, and ran away. There was no threat by appellant or struggle or physical resistance by Mr. Walker.

In holding this evidence sufficient to sustain appellant's conviction of robbery, the trial judge stated:

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 3921.

3. 18 Pa.C.S. § 3925.

The cigarettes, although not completely in the pocket, were sufficiently in the pocket for [appellant] to have to pull them out. In fact, there was no way [appellant] could have gotten the cigarettes out of the Complainant's pocket without using some force. There was not a lot of force used, but there was force. The statute specifically provides: "force *however slight.*" (emphasis added).

Slip op. at 3.

■■■■ The elements of robbery as defined by § 3701(a)(1)(v) are (1) that the defendant physically take or remove property, (2) from the person of another, (3) by use of force however slight. Here, as appellant concedes, the first two elements were proved. However, with respect to the third element, the only "use of force" that was proved was that appellant used just so much force as was necessary to "physically take or remove" (first element) the pack of cigarettes "from the person of" Mr. Walker (second element). The conclusion follows that the third element was not proved, and that the evidence was therefore insufficient. Plainly, the legislature intended to distinguish between evidence showing *only* a taking or removal from the person, and a taking or removal by force. To hold, as did the trial judge, that evidence proving *only* a taking or removal *also* proves a removal by force because "there was no way [appellant] could have gotten the cigarettes ... without using some force" is equivalent to holding that the first and third elements are synonymous. Such a holding is proscribed, for its effect would be to make the third element redundant, or surplusage, and in construing a statute, we must assume that the legislature intended that every word of the statute would have effect. *Habecker v. Nationwide Ins. Co.*, 299 Pa.Super. 463, 445 A.2d 1222 (1982); *Crusco v. Insurance Company of North America*, 292 Pa.Super. 293, 437 A.2d 52 (1981); 1 Pa.C.S. § 1922(2). To give effect to the phrase "force however slight", we must construe it as requiring proof of more than only the physical removal of an object from a person. *Cf. Common-*

*wealth v. Ostolaza,* 267 Pa.Super. 451, 406 A.2d 1128 (1979) (evidence proved "a brief tug of war over the wallet;" held that evidence was insufficient to prove robbery by putting the victim in fear of immediate serious bodily injury but would have been sufficient to prove robbery by removing property from victim by force however slight).

The Commonwealth argues that the phrase "force however slight" should be construed to include "any act directed to overcome the will of the victim." Brief for Commonwealth at 4. As applied here, the argument is that Mr. Walker did not want appellant to take his cigarettes; that appellant's act of removing the protruding pack of cigarettes from Mr. Walker's pocket therefore overcame Mr. Walker's will; and that this was "force however slight." We find this argument unpersuasive, for several reasons.

█ The legislature clearly intended a distinction between "robbery" and "theft." In defining "robbery," the legislature starts from the premise that the person is "in the course of committing a theft," and then goes on to define what *additional* act will result in that conduct becoming a robbery, as, for example, if the thief "inflicts serious bodily harm upon another," 18 Pa.C.S. § 3701(a)(1)(i), or, the provision pertinent to our consideration here, "physically takes or removes property from the person of another by force however slight", 18 Pa.C.S. § 3701(a)(1)(v). These two sorts of robbery are, respectively, a felony of the first degree and a felony of the third degree. 18 Pa.C.S. § 3701(b). In defining the punishment for "theft", the legislature provided that if the property in question was "taken from the person or by threat," the theft is to be punished as a misdemeanor of the first degree. 18 Pa.C.S. § 3903(b). If we were to accept the Commonwealth's definition of "force", the distinction between robbery by force however slight and theft would be eliminated. Mr. Walker's pack of cigarettes was "taken from [his] person". This taking no doubt was, in the words of the Commonwealth's argument,

an "act directed to overcome [his] will", but to say that it was therefore a taking "by force however slight" would be to say that there was no difference in meaning between § 3903(b) (property "taken from the person") and § 3701(a)(1)(v) ("physically take or remove property from the person of another by force however slight"). However, when the legislature used the same verb ("takes") in one section *without* qualifier ("taken from the person") and in another section *with* qualifier ("takes from the person ... by force however slight"), the legislature must have intended the two sections to have a different meaning.[4]

This conclusion finds further support in other principles of statutory construction. The Statutory Construction Act provides that "words and phrases shall be construed according to their common and approved usage..." 1 Pa.C.S. § 1903. Webster's Dictionary defines force as a "general term for the exercise of strength or power to overcome resistance." [5] Here, no doubt because of the stealth and quickness with which appellant acted, Mr. Walker offered no resistance. As a matter of common usage, therefore,

---

**4.** The Commonwealth cites cases from other jurisdictions holding that where the taking is from the immediate presence of the victim and not from the victim's person, still a "theft" may occur. These cases are irrelevant. The issue before us is not whether a theft occurred—undeniably one did—but whether a robbery occurred.

The Commonwealth also argues that by enacting § 3701(a)(1)(v) as an amendment to the Crimes Code, *see* Act of June 24, 1976, P.L. 425, No. 102 § 1, "the legislature intended to change the statutory scheme by treating what had been only theft as robbery." Brief for Commonwealth at 4 n. 1. This argument has no merit. "Whenever a section or a part of a statute is amended ... the remainder of the original statute and the amendment shall be read together as one statute passed at one time...." 1 Pa.C.S. § 1953; *Appeal of Neshaminy Auto Villa Ltd.*, 25 Pa.Cmwlth. 129, 358 A.2d 433 (1976). We therefore must construe the Crimes Code so as to give effect to all its provisions, which is to say, so as to preserve, not eliminate, the distinction between robbery and theft. No doubt the legislature could have decided that mere removal of property from the person, "[which] had been [defined as] only theft", should be redefined as "robbery", but then it would have redefined "theft". For the same conduct (mere removal) cannot be both "robbery" and "theft".

**5.** Webster's Third New International Dictionary 887 (1965).

appellant's taking of the pack of cigarettes was without "force," slight or otherwise.

Similarly, the Crimes Code states that its provisions "shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purpose of [the Crimes Code] and the special purposes of the particular provision involved." 18 Pa.C.S. § 105. One general purpose of the Crimes Code is to differentiate on reasonable grounds between serious and minor offenses. 18 Pa.C.S. § 103(5). Construing the phrase "force however slight" to exclude a taking by stealth alone is consistent with this purpose because a taking by stealth alone is not as likely to result in injury to the victim as a taking by "force"; for "however slight" the force may be, the victim may be prompted by it to resist, and injury may ensue. In recognition of this possibility, § 3701(a)(1)(v) has as its special purpose that greater punishment should be inflicted on those who use "force however slight" than on those who by resort to stealth void the use of force.

■ Finally, since § 3701(a)(1)(v) is a penal provision it must be strictly construed. 1 Pa.C.S. § 1928(b)(1). When a criminal statute is susceptible of two constructions, both reasonable, it is not the construction that is supported by the greater reason that is to prevail but the one that operates in favor of the defendant's liberty, *Commonwealth v. Glover*, 397 Pa. 543, 546, 156 A.2d 114 (1959); and if there is doubt, the defendant must be given the benefit of the doubt, *Commonwealth v. Teada*, 235 Pa.Super. 438, 344 A.2d 682 (1975). In this case, even if we could find the definition of force advocated by the Commonwealth reasonable, instead of precluded because producing surplusage, still we should have to accept appellant's position because it is at least equally reasonable.

The judgment of sentence for robbery is reversed and the case is remanded for imposition of sentence for theft. Jurisdiction is relinquished.