529 A.2d 1115

**COMMONWEALTH of Pennsylvania**

v.

**Robert WINDELL, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1987.

Filed Aug. 14, 1987.

Augustine J. Rieffel, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

The issue in this appeal is whether a thief, who surreptitiously and without the knowledge of the owner removes a coin purse and wallet from a pocketbook being carried by a passenger on a bus, is guilty of robbery. We conclude that because the element of force is missing, the pickpocket is guilty of theft and not robbery.

On February 21, 1985, at or about 9:45 a.m., Kenny Welsh, a Sears security guard, received information from a customer that two males, whom the customer pointed out, had been picking pockets on a Route K SEPTA bus. Welsh and Thomas Strobeck, another guard, approached the men and asked them if they had been on the Route K bus. When one of them, Herbert Edmunds, responded in the affirmative, Welsh asked the men if they knew anything about pickpocketting a passenger on the bus. Edmunds answered, "no," but immediately walked to a clothing rack, where he dropped a red wallet. Welsh and Strobeck thereupon apprehended Edmunds and Robert Windell and took them to the store's security office. En route, Strobeck observed Windell drop to the floor a small, brown, coin purse. When Strobeck retrieved the purse, he found a beige wallet lying next to the purse. The purse contained a cross, a key, and coins in the total amount of $1.11. The beige wallet divulged a prescription containing the name of the prescribing physician, his telephone number, and the name "C. Taylor." A call to the physician led to Frances Taylor, a seventy-nine year old woman. Although she was able to identify the coin purse and wallet, she had not been aware previously that they had been stolen.

Frances Taylor testified at trial that she had been a passenger on the Route K bus between 9:25 and 9:50 a.m. on the morning of February 21, 1985. The bus had been crowded, she said, and she had found it necessary to stand in the aisle. Although there had been a fair amount of jostling, she remembered being shoved forcefully just be-

fore the bus arrived at the Sears store. When she turned around to see who had pushed her, she observed a tall man standing beside her, but she did not know who he was and could not identify him as either Edmunds or Windell. She did not become aware that her purse and wallet were missing until after she arrived home and learned that they were in the possession of the police.

The trial court, which heard the evidence without a jury, found Robert Windell guilty of robbery,[1] theft by unlawful taking,[2] theft by receiving stolen property,[3] and criminal conspiracy.[4] Post-verdict motions were denied, and Windell was sentenced on the robbery conviction to serve a term of imprisonment for not less than 11½ months nor more than 2 years minus one day, to be followed by probation for a consecutive period of five years. He was sentenced to an additional term of probation for criminal conspiracy. Windell appealed. He contends, inter alia, that the evidence was insufficient to sustain a conviction for robbery.

A person is guilty of robbery if, in the course of committing a theft, he physically takes or removes property from the person of another by force however slight. 18 Pa.C.S. § 3701(a)(1)(v). The issue in this case is whether the removal of property from a person, without any force other than that needed to take the property and carry it away, constitutes robbery. If so, all unlawful taking of property from the person of another will constitute robbery and not merely theft.

In *Commonwealth v. Brown*, 506 Pa. 169, 484 A.2d 738 (1984), the Supreme Court held that the element of "force however slight," required by 18 Pa.C.S. § 3701(a)(1)(v), can be satisifed by evidence of any amount of force applied to a victim in the course of a theft. The court said:

1. 18 Pa.C.S. § 3701(a)(1)(v).
2. 18 Pa.C.S. § 3921.
3. 18 Pa.C.S. § 3925.
4. 18 Pa.C.S. § 903.

*It is clear to us that any amount of force applied to a person while committing a theft brings that act within the scope of robbery* under § 3701(1)(a)(v). This force, of course, may be either actual or constructive. Actual force is applied to the body; constructive force is the use of threatening words or gestures, and operates on the mind. *Commonwealth v. Snelling*, [4 Binn. 379, 383 (1812) ].

The degree of actual force is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body. Any injury to the victim, or any struggle to obtain the property, or any resistance on his part which requires a greater counter attack to effect the taking is sufficient. The same is true if the force used, although insufficient to frighten the victim, surprises him into yielding his property.

*Id.*, 506 Pa. at 176, 484 A.2d at 741 (emphasis added).

In *Commonwealth v. Smith*, 333 Pa.Super. 155, 481 A.2d 1352 (1984), defendant was found guilty of robbery because he had taken a pack of cigarettes from a blind man. There had been no threats made by defendant, and there had been no struggle or resistance by the victim. In reversing defendant's conviction, this Court stated:

The elements of robbery as defined by § 3701(a)(1)(v) are (1) that the defendant physically take or remove property, (2) from the person of another, (3) by use of force however slight. Here, as appellant concedes, the first two elements were proved. However, with respect to the third element, the only "use of force" that was proved was that appellant used just so much force as was necessary to "physically take or remove" (first element) the pack of cigarettes "from the person of" Mr. Walker (second element). The conclusion follows that the third element was not proved, and that the evidence was therefore insufficient. Plainly, the legislature intended to distinguish between evidence showing only a taking or removal from the person, and a taking or removal by

force. To hold, as did the trial judge, that evidence proving only a taking or removal also proves a removal by force because "there was no way [appellant] could have gotten the cigarettes ... without using some force" is equivalent to holding that the first and third elements are synonymous. Such a holding is proscribed, for its effect would be to make the third element redundant, or surplusage, and in construing a statute, we must assume that the legislature intended that every word of the statute would have effect. To give effect to the phrase "force however slight", we must construe it as requiring proof of more than only the physical removal of an object from a person.

*Id.*, 333 Pa.Superior Ct. at 158, 481 A.2d at 1353–1354 (1984) (citations omitted) (emphasis in original).

The decision in *Commonwealth v. Smith, supra*, holds that the force required for robbery must be something more than the force needed to take and carry away another person's property. The element of "force however slight" must be directed to the exercise of strength or power to overcome resistance. *Id.*, 333 Pa.Superior Ct. at 160, 481 A.2d at 1355.

The Commonwealth argues that the element of force was established by the victim's testimony that she was pushed or shoved shortly before the bus stopped at the Sears store. We would readily agree with this argument by the Commonwealth if there were evidence that Windell or his co-conspirator had applied such force. In fact, however, the evidence does not establish, directly or by inference, that the pushing was in any way connected with the theft of the victim's purse and wallet or that it was done by appellant or his co-conspirator. Although the evidence was sufficient to permit an inference that appellant was on the bus and took the victim's purse and wallet, there was no evidence to connect him or the theft with the pushing which the victim experienced. The bus was crowded, as she conceded, and at the time of the pushing she was standing next to a tall man

whom she could not identify. She also did not know when her coin purse and wallet were taken.

A conviction must be based upon something more than mere suspicion or conjecture. *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973). A conviction which is based solely on inference, suspicion, and conjecture cannot stand. *Commonwealth v. Simpson*, 436 Pa. 459, 464, 260 A.2d 751, 754 (1970); *Commonwealth v. Frey*, 264 Pa.Super. 212, 215, 399 A.2d 742, 743 (1979). In light of the evidence, we are constrained to hold that appellant's conviction for robbery can be sustained only by conjecture. Consequently, it must be vacated. There is more than adequate evidence, however, to support the convictions of theft and conspiracy.

■ Appellant contends that he is entitled to a new trial because the trial court erred when it denied his pre-trial motion to suppress the brown purse and beige wallet which were retrieved by Sears personnel after defendant and his companion had been detained. We disagree. It is axiomatic that a defendant has no standing to contest the search or seizure of items which he has voluntarily abandoned. *Commonwealth v. Shoatz*, 469 Pa. 545, 553, 366 A.2d 1216, 1220 (1976).

> The issue is not abandonment in the strict property-right sense, but whether appellant voluntarily discarded, left behind, or otherwise relinquished his interest in the property so that he could no longer retain a reasonable expectation of privacy with regard to it.

*Commonwealth v. Williams*, 269 Pa.Super. 544, 547, 410 A.2d 835, 836 (1979). In the instant case, appellant intentionally and voluntarily discarded the purse and wallet when he was apprehended by Sears personnel. Police had not arrived on the scene before this occurred. Thus, the abandonment of the purse and wallet could not have been caused by illegal police activity. Even if the security guards had detained appellant without probable cause, the

exclusionary rule argued by appellant did not prevent the use of the evidence. The rule has no application to a private or citizen's arrest. *Commonwealth v. Corley,* 507 Pa. 540, 551, 491 A.2d 829, 834 (1985).

▮▮▮ Appellant also complains that Edmunds's affirmative response to questioning in which he said that he and appellant had been on the Route K bus was improperly received in evidence against appellant. Because appellant did not preserve this issue in his post-verdict motions, however, it has been waived. *Commonwealth v. Gamble,* 485 Pa. 418, 402 A.2d 1032 (1979); *Commonwealth v. Pyatt,* 477 Pa. 162, 383 A.2d 873 (1978). Moreover and in any event, the statement of Edmunds was admissible because it was a statement made by a co-conspirator during the continuation of the conspiracy. See: *Commonwealth v. Coccioletti,* 493 Pa. 103, 425 A.2d 387 (1981) (statement made by one co-conspirator in course of concealing evidence and evading capture admissible against other); *Commonwealth v. Bolden,* 268 Pa.Super. 431, 408 A.2d 864 (1979) (conspiracy extends to concealing and destruction of evidence).

For purposes of imposing sentence, the trial court determined that the theft offenses had merged with the crime of robbery. Therefore, the court imposed no separate sentence for theft. In view of our decision to reverse the conviction for robbery, we will remand to permit the trial court to impose an appropriate sentence for theft. We will also vacate the sentence imposed for criminal conspiracy and remand for resentencing in light of this Court's determination that the Commonwealth failed to prove a robbery.

The judgment of sentence for robbery is reversed and with respect thereto appellant is discharged. The judgment of sentence for criminal conspiracy is vacated, and with respect thereto the matter is remanded for resentencing. The matter is also remanded for sentencing on the verdict finding appellant guilty of theft.