546 A.2d 688

COMMONWEALTH of Pennsylvania

v.

James McNAIR, Appellant.

Superior Court of Pennsylvania.

Argued June 7, 1988.

Filed Aug. 22, 1988.

Henry T. Crocker, Pottstown, for appellant.

Patricia E. Coonahan, Assistant District Attorney, Cheltenham, for Com., appellee.

Before McEWEN, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence imposed after a bench trial in which appellant James McNair was found guilty of robbery, theft and disorderly conduct. A summary of the undisputed facts follows.

On November 3, 1986, at approximately 10:10 p.m. in a parking garage in King of Prussia, appellant and two accomplices began stalking Miriam Knapp as she climbed the stairs to the third level where her car was parked. As she approached her vehicle, Knapp heard footsteps. She turned and found appellant running toward her. Appellant was wearing a hooded sweatshirt, sunglasses and a banda-

na over his face. Afraid that he would rape or kill her, Knapp stood against her car and held her tote bag and purse away from her in the hope that appellant would take both bags and leave her unharmed. Appellant snatched both bags, which contained various personal items and $510.00 in cash, from Knapp.

Appellant was subsequently arrested and, following his conviction for robbery, theft and disorderly conduct, filed post-verdict motions which were denied by the order at issue in the trial court. On appeal, appellant contends that the Commonwealth's evidence failed to prove beyond a reasonable doubt the requisite force necessary to uphold his conviction for robbery under 18 Pa.C.S.A. § 3701(a)(1)(v). This provision states that "[a] person is guilty of robbery if, in the course of committing a theft, he ... physically takes or removes property from the person of another *by force however slight." Id.* (emphasis added).

> In reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth and whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. The credibility of witnesses and the weight to be accorded the evidence produced are matters within the province of the trier of fact; the fact finder is free to believe all, some, or none of the evidence.

*Commonwealth v. Ogin,* 373 Pa.Super. 116, 540 A.2d 549, (1988) (citation omitted). Mindful of this standard, we shall proceed to address the merits of appellant's claim.

Appellant relies upon *Commonwealth v. Smith,* 333 Pa. Super. 155, 481 A.2d 1352 (1984), in which the defendant reached into the pocket of a blind victim, removed a partially protruding pack of cigarettes, and ran away. The lower court concluded that such an act was sufficient to sustain a conviction for robbery. We reversed, holding that the physical taking or removal of another's property was not synonymous with the use of force, slight or otherwise. We

concluded that the legislature intended a distinction between the offenses of robbery and theft:

> The Statutory Construction Act provides that "words and phrases shall be construed according to their common and approved usage ..." 1 Pa.C.S. § 1903. Webster's Dictionary defines force as a "general term for the exercise of strength or power to overcome resistance." Here, no doubt because of the stealth and quickness with which appellant acted, [the victim] offered no resistance. As a matter of common usage, therefore, appellant's taking of the pack of cigarettes was without "force," slight or otherwise.

*Id.*, 333 Pa.Superior Ct. at 159, 481 A.2d at 1355 (footnote omitted). Appellant herein contends that this case is analogous to *Smith* in that he did not take or use force to remove the handbags but, rather, the victim offered no resistance to him and voluntarily transferred her property to him. Thus, appellant surmises, the Commonwealth has proved merely that he accepted the property but did not take it from her by force.

The Commonwealth argues contrawise and relies instead on the precedent of *Commonwealth v. Brown*, 506 Pa. 169, 484 A.2d 738 (1984), where the defendant ran by the victim and snatched the purse slung over the victim's arm. Our Supreme Court held:

> The degree of actual force is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body. Any injury to the victim, or any struggle to obtain the property, or any resistance on his part which requires a greater counter attack to effect the taking is sufficient. The same is true if the force used, although insufficient to frighten the victim, surprises him into yielding his property.

*Id.*, 506 Pa. at 174, 484 A.2d at 741. The Court added that the force could be actual force applied to the body, or constructive force, which "is the use of threatening words or gestures, and operates on the mind." *Id.* (citing *Commonwealth v. Snelling*, 4 Binn. 379, 383 (1812)).

Viewing the evidence in the light most favorable to the Commonwealth, we conclude that the Commonwealth established beyond a reasonable doubt that appellant applied constructive force against the victim sufficient to support a conviction for robbery. The evidence adduced at trial clearly indicates that appellant followed the victim into and through a darkened parking garage, that he ran directly towards the victim, and physically removed from the victim her property. Such conduct surprised, intimidated, and instilled in the victim a fear that she would be harmed. Hoping that appellant would take her handbags and leave her unharmed, she yielded her property to him. Based upon the holding of our Supreme Court in *Brown*, conduct or words which are threatening in nature or which serve to place the victim in reasonable apprehension of harm to her person or property will establish the elements of constructive force necessary to sustain a conviction for robbery.

It is beyond peradventure that appellant's conduct was sufficient to induce the victim into yielding her property to him. This alone differentiates this matter from *Smith* on which appellant relies and in which an unsuspecting blind victim was unaware that a theft was being committed. As such, appellant's argument must fail.

The judgment of sentence is AFFIRMED.