550 A.2d 579

**COMMONWEALTH of Pennsylvania**

v.

**Ronald WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1988.

Filed Nov. 7, 1988.

540

Michelle M. Hawk, Erie, for appellant.

Douglas J. Wright, Assistant District Attorney, Girard, for Com., appellee.

Before CAVANAUGH, ROWLEY and KELLY, JJ.

KELLY, Judge:

In this case, we called upon to determine whether robbery or theft occurs when an unconscious, intoxicated victim is rolled over onto his side and his wallet is stolen out of his pants pocket. We conclude that this criminal act consti-

tutes theft rather than robbery. Accordingly, we vacate appellant's robbery conviction and remand for resentencing.

The facts and procedural history may be summarized as follows. On September 2, 1985, the appellant, Ronald Williams, and the victim were drinking wine with Frank Morrow and an unidentified male on the corner of Ninth and Parade Streets in Erie, Pennsylvania. The victim passed out on his back. Eyewitnesses observed appellant roll the victim onto his side and remove his wallet from his pants pocket. The police were called. When the police arrived, one of the eyewitnesses motioned them to the direction of the appellant, Frank Morrow and the other man who were walking very fast to an apartment building which they attempted to enter. The police, however, surrounded the three men and arrested them.

The appellant and Frank Morrow were charged with criminal conspiracy and robbery. On January 22, 1986, the Commonwealth filed a petition for an extension of time for commencement of trial pursuant to Pa.R.Crim.P. 1100 to which appellant objected. Following a hearing, the time for trial was extended to March 21, 1986. Appellant was tried by a jury on March 17, 1986. Co-defendant, Frank Morrow, was not tried at that time; his whereabouts were unknown and a bench warrant had been issued for his arrest. At the trial, three eyewitnesses testified that they saw the appellant roll the victim over and remove his wallet. The appellant was found guilty of criminal conspiracy and robbery.

Post-verdict motions were filed and denied. On July 18, 1986, appellant was sentenced to an aggregate term of three to seven years imprisonment. Although no timely notice of appeal was filed, appellant later filed a motion for leave to appeal *nunc pro tunc* which was properly granted by the trial court on September 9, 1986. This appeal followed.

Appellant raises two issues on appeal. First, appellant contends the trial court erred in granting the Commonwealth's motion to extend time for commencement of trial under Pa.R.Crim.P. 1100. Second, appellant contends the

evidence was insufficient to convict him of robbery in that the evidence established that the victim was unconscious and unaware that the appellant rolled the victim over to take his wallet. We find merit in appellant's second contention, but not in his first.

■ The trial court granted an extension of time in which to bring appellant to trial because the victim was unavailable to testify due to his institutionalization in an alcohol treatment and rehabilitation program in New York and because appellant's co-defendant failed to appear for pre-trial proceedings and was likewise unavailable for trial. Under these circumstances, we find no abuse of discretion in the trial court decision to grant the extension. Thus, we reject appellant's first contention.

■ Appellant's second contention is that the evidence was insufficient to sustain appellant's conviction for robbery.[1] Specifically, appellant argues that robbery cannot be committed upon an unconscious, voluntarily intoxicated victim because such a victim is unaware of the taking and no force is necessary to compel him to part with conscious control of his property to the thief. The Commonwealth responds that to support a conviction under 18 Pa.C.S.A. § 3701(a)(1)(v), it is only necessary to show that some force was applied to the victim in the course of the theft. The Commonwealth argues that the 'rolling over' of the victim meets the 'force however slight' requirement for conviction of robbery under § 3701(a)(1)(v). We, however, agree with appellant and find that a simple theft rather than a robbery, as defined by the applicable statute and caselaw, occurred.

In *Commonwealth v. Brown*, 506 Pa. 169, 484 A.2d 738 (1984), a defendant who came up behind the victim and took her pocketbook by pulling it off her arm was convicted of

1. A person is guilty of robbery if, in the course of committing a theft, he physically takes or removes property from the person of another by force however slight. 18 Pa.C.S.A. § 3701(a)(1)(v).

robbery. Our Supreme Court affirmed his conviction and explained:

> The force used in taking the purse from the victim's arm was a harmful touching of the person, accompanied with sufficient force to compel the victim to part with the conscious control of her property, and supports a robbery conviction under § 3701. *This conduct substantially differs from the case of the thief who merely takes the property of another with intent permanently to deprive him thereof, using no force or threat of force on the victim—like the pickpocket* (Chapter 39 of the Crimes Code). *Such conduct is nonviolent, poses no threat to the victim who is unaware of the taking, and is accordingly graded less severely than robbery. A victim who is aware of the taking of property from his person is apt to reflex action to protect himself and his property and thus may be injured by the felon.*
>
> For this reason, robbery has always been considered a greater harm against society because violence is caused or threatened. The ordinary citizen has the right to go about his way free from the fear of attack to his person from those who would deprive him of control over his goods. That right is violated even by the slight tug on the arm by the purse thief who must use force to wrench the purse from the arm of the victim without regard to her safety. Accordingly, we find that the evidence was sufficient to establish robbery under § 3701(a)(1)(v).

506 Pa. at 176–177, 484 A.2d at 742. (Emphasis added).

Similarly, in *Commonwealth v. McNair*, 376 Pa.Super. 604, 546 A.2d 688 (1988), the defendant was convicted of robbery when he stalked the victim into and through a darkened parking garage, ran directly toward her and physically removed her tote bag and purse from her. This Court affirmed defendant's conviction of robbery stating "that the Commonwealth established beyond a reasonable doubt that appellant applied constructive force against the victim sufficient to support a conviction for robbery." 376 Pa.Superior

544

Ct. at 608, 546 A.2d at 690. Appellant's conduct induced the victim into yielding her property to him. Thus, the force may be actual or constructive; "[a]ctual force is applied to the body; constructive force is the use of threatening words or gestures, and operates on the mind." *Commonwealth v. Brown*, 506 Pa. at 176, 489 A.2d at 741. (Citations omitted).

In *Commonwealth v. Smith*, 333 Pa.Super. 155, 481 A.2d 1352 (1984), defendant stole a pack of cigarettes from a blind man's pants pocket. The blind man, unaware of the taking, did not offer any resistance. This Court found the evidence insufficient to sustain a conviction of robbery. In reversing the defendant's conviction, this Court stated:

[t]he elements of robbery as defined by § 3701(a)(1)(v) are (1) that the defendant physically take or remove property, (2) from the person of another, (3) by use of force however slight. Here, as appellant concedes, the first two elements were proved. However, with respect to the third element, *the only 'use of force' that was proved was that appellant used just so much force as was necessary to 'physically take or remove' (first element) the pack of cigarettes 'from the person of' Mr. Walker (second element). The conclusion follows that the third element was not proved, and that the evidence was therefore insufficient.*

333 Pa.Superior Ct. at 158, 481 A.2d at 1353. (Emphasis added). This Court found support for its holding in the principles of statutory construction:

[T]he Crimes Code states that its provisions 'shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purpose of [the Crimes Code] and the special purposes of the particular provision involved.' 18 Pa.C.S. § 105. One general purpose of the Crimes Code is to differentiate on reasonable grounds between serious and minor offenses. 18 Pa.C.S. § 103(5). Construing the phrase 'force how-

ever slight' to exclude a taking by stealth alone is consistent with this purpose because *a taking by stealth alone is not as likely to result in injury to the victim as a taking by 'force'; for 'however slight' the force may be, the victim may be prompted by it to resist, and injury may ensue. In recognition of this possibility, § 3701(a)(1)(v) has as its special purpose that greater punishment should be inflicted on those who use 'force however slight' than on those who by resort to stealth void the use of force.*

333 Pa.Superior Ct. at 161, 481 A.2d at 1355. (Emphasis added).

Likewise, in *Commonwealth v. Windell,* 365 Pa.Super. 392, 529 A.2d 1115 (1987), this Court reversed the judgment of sentence of robbery where the defendant allegedly had removed a coin purse and wallet from a pocketbook carried by a passenger on a bus. In concluding that the element of force was missing, this Court explained:

[a]lthough the evidence was sufficient to permit an inference that appellant was on the bus and took the victim's purse and wallet, there was no evidence to connect him or the theft with the pushing which the victim experienced.

365 Pa.Superior Ct. at 397, 529 A.2d at 1117.

■ Appellate courts in this Commonwealth have not had the opportunity to consider the narrow issue of whether robbery can be committed upon an unconscious victim. However, the cases quoted above indicate that the phrase 'force however slight' envisions that the victim must be aware of the force and, because of the force, feel compelled to part with his or her property.

■ In *Commonwealth v. Smith, supra,* and *Commonwealth v. Windell, supra,* convictions of robbery were reversed because the victim was aware of neither the taking nor the "force" utilized to accomplish the taking. Admittedly, the fact scenario in the instant case is distinguishable

from that in *Smith* and *Windell.* In this case, unlike *Smith* and *Windell,* appellant rolled the victim onto his side in order to remove the wallet. If the victim in this case had been aware of this force, a robbery conviction might have stood based upon the possible distinction between the force used to roll the victim over, and the force used to remove the wallet. However, the victim was not aware of any force in this case; consequently, we find that appellant cannot be found guilty of robbery.[2]

■■■ Appellant may not at this late date be convicted of theft because appellant was tried on the charges of robbery and criminal conspiracy and not theft. *See* 18 Pa.C.S.A. § 109; *see also Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854 (1974); *Commonwealth v. Stewart,* 325 Pa.Super. 465, 473 A.2d 161 (1984). Consequently, we must vacate judgment of sentence on the robbery conviction. Because the sentence imposed on the robbery conviction may have affected the sentence imposed upon the criminal conspiracy conviction, we vacate the entire judgment of sentence and remand for resentencing. *Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280 (1986) (double jeopardy proscriptions do not prohibit resentencing in accordance with the trial court's original sentencing scheme where an appellate court had upset the scheme by vacating the sentence imposed on various related counts); *Commonwealth v. Williams,* 368 Pa.Super. 315, 534 A.2d 101, 105 (1987) (same).

2. We note that this holding is consistent with the holdings in courts of our sister states that robbery cannot be committed upon an unconscious victim. *See Hicks v. State,* 232 Ga. 393, 207 S.E.2d 30 (1974) (armed robbery conviction reversed when taking occurred when billfold was removed from victim's pocketbook while victim was asleep); *People v. O'Connor,* 310 Ill. 403, 141 N.E. 748 (1923) (taking property from an unresisting drunken man who does not know he is being robbed is not robbery); *People v. Jones,* 290 Ill. 603, 125 N.E. 256 (1919) (same); *Ramirez v. Territory,* 9 Ariz. 177, 80 Pac. 391 (1905) (same); *Hall v. People,* 171 Ill. 540, 49 N.E. 495 (1898) (same); *Brennon v. State,* 25 Ind. 403 (1865) (same); *see also* 67 Am.Jur.2d Robbery § 32 (1969) (taking property from an unresisting person who does not know that his property is being taken is not robbery).

Accordingly, the robbery conviction is reversed, judgment of sentence is vacated, and the case is remanded for resentencing on appellant's conviction of criminal conspiracy. Jurisdiction is relinquished.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

After reviewing the record and applicable authority in this case, it is my conclusion that the appellant was properly convicted of the crime of robbery. For this reason, I dissent from that portion of the majority opinion which vacates appellant's robbery conviction and remands for resentencing.

My review of the legal authority in this case, particularly the elements of robbery set out in 18 Pa.C.S.A. § 3701(a)(1)(v), convinces me that the criminal act committed by this appellant was robbery. The act of rolling this unconscious victim onto his side and removing the victim's wallet from his pants pocket constitutes a physical taking of property from the person of another by use of "force however slight," and therefore this appellant was properly charged with robbery rather than theft. My reading of the cases is in accord with this interpretation, particularly the statements of the Supreme Court in *Commonwealth v. Brown*, "It is clear to us that any amount of force applied to a person while committing a theft brings that act within the scope of robbery under § 3701(1)(a)(v) [sic].... The degree of actual force is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body." 506 Pa. 169, 176, 484 A.2d 738, 741 (1984).

The robbery statute does not require among its elements that the victim be aware of the taking or that he part with conscious control of his property. Since the majority opinion concludes otherwise, I dissent from that portion of the opinion.