J-S40011-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN ALEXANDER TARGONSKI | |
| Appellant | No. 1758 MDA 2013 |

Appeal from the Judgment of Sentence August 27, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001453-2012

BEFORE:  BENDER, P.J.E., BOWES, J., AND PANELLA, J.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED SEPTEMBER 26, 2014**

While I agree with the majority that the evidence was insufficient to sustain the conviction of trespass, I believe that the appropriate procedural action is for this panel to remand for a new sentencing hearing.  As noted by the majority, the trial court imposed a sentence of imprisonment as to the criminal trespass and a probationary term on simple assault, which was graded as a second degree misdemeanor authorizing a sentence of up to two years imprisonment.  18 Pa.C.S. § 1104(2).  When this Court vacates a conviction and our action disturbs the overall sentencing scheme, we vacate the entire judgment of sentence and remand for a new sentencing hearing. ***Commonwealth v. Williams***, 550 A.2d 579, 582-83 (Pa.Super. 1988); ***see***

*also Commonwealth v. Adams*, 760 A.2d 33, 39 (Pa.Super. 2000) (sentencing enhancement was inapplicable to crime; case remanded for resentencing). Accordingly, I believe that it is improper for us to vacate the sentence imposed upon the trespass offense and affirm the one imposed as to simple assault. I would remand for a new sentencing hearing on the simple assault conviction. Hence, I dissent.