J-S02002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MONTANA NIXON, | |
| Appellant | No. 3168 EDA 2014 |

Appeal from the Judgment of Sentence October 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000053-2014

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 15, 2016**

Appellant, Montana Nixon, appeals from the judgment of sentence entered following his convictions of robbery, theft by unlawful taking, and receiving stolen property.  We affirm.

The trial court summarized the underlying facts of this case as follows:

On December 4, 2013, Ms. Latesha Rucker, holding her iPhone in her right hand, boarded a southbound SEPTA Broad Street Line train at Broad and Hunting Park [at] approximately 3 p.m. (N.T. Trial (Waiver) Vol. 1, 9).  At the time she boarded and sat down in the train, she noticed two men speaking with each other (identified as [Appellant] and Khary Littles).  (N.T. Trial (Waiver) Vol. 1, pp. 10-11).  They each boarded the train sometime prior to the Hunting Park stop (N.T. Trial (Waiver) Vol. 1, p. 10).

They were seated on the same side of the train car separated only by the train's doors.  (N.T. Trial (Waiver) Vol. 1, p. 11).  Ms. Rucker said they were speaking to each other as they watched her enter the train car.  Then a short time later, Mr. Littles stood, walked to the back of the train car, and he

entered the adjoining car.  (N.T. Trial (Waiver) Vol. 1, pp. 11-12, 15).

Upon reaching the Broad and Erie stop and after the train doors opened, the Appellant snatched Ms. Rucker's iPhone from her hand and ran off the subway train and up the station stairs. (N.T. Trial (Waiver) Vol. 1, pp. 12-14).  According to Ms. Rucker, Mr. Littles also exited the train at the same station but from another train car and walked in a different direction than the Appellant.  (N.T. Trial (Waiver) Vol. 1, [p]. 21-24).  Ms. Rucker barely got off before the train doors closed and gave chase of the thief but lost sight of him once he exited the station onto the street[.]  Ms. Rucker abandoned the chase after she could not see him when she reached street level.

But then she spotted a police car parked nearby and approached a police officer (later identified as Officer De[n]nis Herod), to tell him about the iPhone stolen from her on the subway train along with a description of the perpetrator. Coincidentally, around that very moment, Ms. Rucker saw Mr. Littles approximately 10-15 feet away from the police car and pointed him out to the police officer, who shortly thereafter picked up Mr. Littles (N.T. Trial (Waiver) Vol. 1, pp. 12-14, 24). Ms. Rucker went on to describe the man who stole the phone as light skinned wearing a burgundy hoodie, tan pants, a tan coat and a hat with white stripes around it (N.T. Trial (Waiver) Vol. 1, pp. 17, 29-30).  Officer Herod testified that he had been approached by Ms. Rucker around 3:25 or 3:30 and largely corroborated her testimony including the perpetrator's description[] and he broadcasted this identification information over the police radio.  (N.T. Trial (Waiver) Vol. 1, pp. 27-32). Not long thereafter, Police Officer Michael Lewis saw a man between houses on the 1400 block of Allegheny Avenue who was wearing clothing matching those of the iPhone robber announced in Officer Herod's radio broadcast (N.T. Trial (Waiver) Vol. 1, pp. 33-35).  He paid notice to the man because he appeared nervous and was banging on the door of 1417 Allegheny.  About five minutes after Appellant entered this building, Officer Lewis went over, knocked on the door and a resident permitted him to enter.  He then went to the 2nd floor and knocked on the door and the Appellant opened it.  The Appellant was wearing some type of pajamas, claiming he just got out of the shower.  Officer Lewis noticed tan pants lying on a bed with a burgundy hoodie hanging on the wall (N.T. Trial (Waiver) Vol. 1, p. 36).

Officer Lewis asked him to come downstairs and the Appellant agreed. Ms. Rucker, brought over in a police car apparently in the interim, identified the Appellant as the robber of her phone, while remaining in the police vehicle. (N.T. Trial (Waiver) Vol. 1, pp. 18-19). She also testified that the phone was not recovered and she paid $200 for a replacement.

Trial Court Opinion, 4/14/15, at 2-4.

Appellant was charged with robbery, conspiracy, theft by unlawful taking, and receiving stolen property. On October 24, 2014, the trial court convicted Appellant of robbery, theft by unlawful taking, and receiving stolen property. The trial court found Appellant not guilty of conspiracy. Also on that date, the trial court sentenced Appellant to a term of probation of two years for the robbery conviction and determined that the remaining convictions merged for purposes of sentencing. In addition, Appellant was sentenced to pay $200 in restitution. This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

I. Is [Appellant] entitled to an Arrest of Judgment on the charge of Robbery and any and all other charges that merged with Robbery including Receiving Stolen Property where the evidence was insufficient to sustain the verdict as the Commonwealth failed to prove that [Appellant] was the perpetrator of the crime and alternately failed to prove that a Robbery had actually occurred?

Appellant's Brief at 3. In this sole issue purporting to challenge the sufficiency of the evidence, Appellant argues that (a) the trial court should have found credible Appellant's evidence regarding his alibi that he was at

work when the robbery took place, and the trial judge erred in failing to accept the evidence, Appellant's Brief at 12-19, and (b) the Commonwealth failed to prove an element of the crime of robbery. Appellant's Brief at 19-23.

A sufficiency of the evidence review, however, does not include an assessment of the credibility of the testimony. *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa. Super. 2003). Such a claim is more properly characterized as a weight of the evidence challenge. *Id*. A challenge to the weight of the evidence questions which evidence is to be believed. *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006). Indeed, claims challenging the weight of the evidence and sufficiency of the evidence are clearly distinct. *See Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000) (discussing the distinctions between a claim challenging the sufficiency of the evidence and a claim that the verdict is against the weight of the evidence). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006) (quoting *Commonwealth v. Galindes*, 786 A.2d 1004, 1013 (Pa. Super. 2001)).

In *Commonwealth v. Grahame*, 482 A.2d 255, 259 (Pa. Super. 1984), we made the following observation regarding challenges to the

identity of the perpetrator of a crime being an attack on the weight of the evidence:

> Proof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is *essential* to a conviction. ***Commonwealth v. Reid***, 123 Pa. Super. 459, 187 A 263 (1936). The evidence of identification, however, needn't be positive and certain in order to convict, although any indefiniteness and uncertainty in the identification testimony goes to its weight. ***Commonwealth v. Mason***, 211 Pa. Super. 328, 236 A.2d 548 (1967).

> ***Commonwealth v. Hickman***, 453 Pa. 427, 430, 309 A.2d 564, 566 (1973). (Emphasis in original).

***Grahame***, 482 A.2d at 259. Accordingly, we will consider the first part of Appellant's issue as being one challenging the weight of the evidence. As previously stated, although sufficiency and weight claims are distinct, Appellant addressed both issues in a single intermingled argument in his brief to this Court. Appellant's Brief at 12-23. We will address the claims separately.

We begin with Appellant's challenge to the weight of the evidence to support the determination of his identity as the perpetrator of the crime in light of his alibi claim. However, Appellant has failed to preserve a challenge to the weight of the evidence for our review. Pa.R.Crim.P. 607 and its comment instruct that in order to preserve for appellate review a claim that a verdict is against the weight of the evidence, the issue must be raised with the trial judge in a motion for a new trial either orally or in writing prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607. Here,

- 5 -

Appellant never filed with the trial court an oral or written motion for a new trial prior to sentencing, or a post-sentence motion challenging the weight of the evidence. Accordingly, we conclude that the issue challenging the weight of the evidence is waived. *See* Pa.R.Crim.P. 607; *Commonwealth v. Butler*, 729 A.2d 1134, 1140 (Pa. Super. 1999) (holding that a challenge to the weight of the evidence is waived for failure to present the issue first to the trial court).

Even if we were to ignore the waiver of the weight claim and address the issue, we would conclude that there is no basis for relief. In *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); *Commonwealth v. Brown*, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 560 A.2d at 319-20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* ***Brown***, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. ***Commonwealth v. Farquharson***, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Widmer***, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

> ***Widmer***, 560 A.2d at 322, 744 A.2d at 753 (quoting ***Coker v. S.M. Flickinger Co.***, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

***Clay***, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." ***Commonwealth v. Diggs***, 949 A.2d 873, 879-880 (Pa. 2008).

As previously stated, Appellant challenges the trial court's determination of the credibility of the alibi evidence presented by Appellant as opposed to the testimony of the victim and other Commonwealth witnesses. Appellant's Brief at 12-19. The trial judge, sitting as the finder of fact, chose to believe the evidence presented by the Commonwealth and to disregard the evidence presented by Appellant, as was his right. As the trial court aptly explained:

> In the present matter, this Court found the testimony of the victim credible particularly her accurate description of the Appellant which was given to the police prior to the police investigation and the eventual arrest of the Appellant. The [victim's] testimony is supported by the police testimony related to finding and apprehending the Appellant.
>
> This Court did not find the Appellant credible. This Court discounted his sole defense that it was physically impossible for the Appellant to have robbed Ms. Rucker because this defense rests completely on the unfounded assumption that the various clocks at the Rite Aid and SEPTA were synchronized down to the exact minute. Further, as already stated, Ms. Rucker's eyewitness testimony identifying the Appellant as the thief down to the color of his garments was compellingly credible. The Court found Ms. Rucker's testimony credible and that of the police. The Court credited police testimony as to the time of the crime. (N.T. Waiver Trial Vol. 2, pp. 51).

Trial Court Opinion 4/14/15, at 8. Thus, we decline Appellant's invitation to assume the role of fact finder and reweigh the evidence. Accordingly, had we addressed the merits of this claim, we would conclude that the trial court did not abuse its discretion in determining that Appellant's weight of the evidence claim lacks merit.

We will next consider Appellant's claim regarding the sufficiency of the evidence. Specifically, Appellant argues the Commonwealth failed to prove he committed the crime of robbery because the Commonwealth failed to prove Appellant took the victim's phone with the necessary use of force. Appellant's Brief at 19-23. We disagree.

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id*. (quoting *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005)). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Id*. Moreover, this Court may not substitute its judgment for that of the fact finder, and where the record

contains support for the convictions, they may not be disturbed. ***Id***. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. ***Commonwealth v. Hartle***, 894 A.2d 800, 804 (Pa. Super. 2006).

We proceed to address Appellant's claim that the evidence was insufficient to convict him of robbery. Pursuant to 18 Pa.C.S. § 3701(a)(1)(v), "[a] person is guilty of robbery if, in the course of committing a theft, he . . . physically takes or removes property from the person of another by force however slight." The force sufficient to establish a robbery may be either actual or constructive. Actual force is applied to the body, while constructive force is the use of threatening words or gestures and operates on the mind. ***Commonwealth v. Brown***, 484 A.2d 738, 741 (Pa. 1984). However, the amount of force need not be substantial, because "[a]ny amount of force applied to a person while committing a theft brings that act within the scope of the robbery statute." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1213 (Pa. Super. 2008) (quoting ***Commonwealth v. Duffey***, 548 A.2d 1178, 1182 (Pa. 1988)). "The degree of actual force is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body." ***Bedell***, 954 A.2d at 1213 (quoting ***Brown***, 484 A.2d at 741).

In support of his argument, Appellant cites the following three cases, in which this Court reversed robbery convictions upon a finding that the

requisite force was not employed. In **Commonwealth v. Smith**, 481 A.2d 1352 (Pa. Super. 1984), the defendant was convicted of robbery under section 3701(a)(1)(v) after removing a pack of cigarettes from the pocket of a blind person who was unaware of the removal. **Smith**, 481 A.2d at 1353. This Court reversed, concluding that the evidence was insufficient to support the conviction because the defendant removed the property by stealth and not by force. **Id**. at 1353-1355.

In **Commonwealth v. Windell**, 529 A.2d 1115 (Pa. Super. 1987), the defendant was convicted of robbery under section 3701(a)(1)(v) after removing a coin purse from the victim's person without the victim's knowledge. **Windell**, 529 A.2d at 1115-1116. This Court, applying **Smith**, reversed because the crime was conducted by stealth, and the only force shown was "the force needed to take and carry away another person's property." **Id**. at 1117.

In **Commonwealth v. Williams**, 550 A.2d 579 (Pa. Super. 1988), the defendant was convicted of robbery under section 3701(a)(1)(v) after rolling an intoxicated, unconscious person onto his side and removing his wallet. **Williams**, 550 A.2d at 580. Relying on **Smith** and **Windell**, this Court reversed, concluding that because the victim was not aware of the force utilized to take the property, the defendant could not be convicted of robbery. **See Williams**, 550 A.2d at 582 (stating that "If the victim in this case had been aware of this force, a robbery conviction might have stood

based upon the possible distinction between the force used to roll the victim over, and the force used to remove the wallet."). However, we conclude that these three cases are inapposite because the instant victim was fully aware of Appellant forcefully taking her possession.

As the trial court stated in its opinion:

> In the instant matter, The Appellant in the process of stealing Ms. Rucker's iPhone literally grabbed it out of her hand and then fled from the subway train. Her testimony alone proved all of the requisite elements of robbery. As such, based on the evidence brought forth at trial, the Commonwealth met its burden on sufficiency of the evidence.

Trial Court Opinion, 4/14/15, at 7.

Likewise, our review of the record, in the light most favorable to the Commonwealth, reflects ample evidence that Appellant used a sufficient amount of force to steal the iPhone from the victim, of which the victim was aware. At trial, the Commonwealth presented testimony from the victim that, while she was seated on the subway train and Appellant was standing, Appellant "snatched" the victim's phone out of her right hand, fled the scene, and the victim then chased Appellant off of the subway train. N.T., 9/29/14, at 12-13, 21-24. Therefore, the victim was fully aware of the taking of her phone. This evidence, which was found credible by the trial court sitting as the finder of fact, together with the inferences therefrom, was sufficient to prove beyond a reasonable doubt that Appellant removed property from the person of another by force, however slight. Hence,

Appellant's action was sufficient to establish the crime of robbery and his contrary claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016