J-A01034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COREIK WALL | |
| Appellant | No. 974 EDA 2014 |

Appeal from the Judgment of Sentence February 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011423-2013

BEFORE:  LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 18, 2016**

Coreik Wall appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following a non-jury trial in which he was convicted of prohibited possession of a firearm,[1] carrying a firearm without a license,[2] and carrying firearms in public in Philadelphia.[3] On appeal, Wall challenges the court's denial of his motion to suppress evidence.  Upon review, we affirm Wall's judgment of sentence.

The trial court set forth the relevant facts of this matter as follows:

_____

[1] 18 Pa.C.S. § 6105(a)(1).

[2] 18 Pa.C.S. § 6106(a)(1).

[3] 18 Pa.C.S. § 6108.

*Former Justice specially assigned to the Superior Court.

On August 15, 2013, Police Officer [Colin] Goshert testified he was working in the 14th police district with five years['] experience when his tour of duty took him to the 7200 block of Forest Avenue in Philadelphia, Pennsylvania. At approximately 6:15 p.m. Officer Goshert responded to a radio call for narcotics sales "in the rear of 7200 Forrest Avenue, males on the steps." Upon arrival to the location[,] Officer Goshert observed [Wall] on the steps with three or four other males, one of whom was at the bottom in a wheelchair. Upon approaching the group the officer smelled burnt marijuana and saw "blunt guts" on the ground and "ash."

Officer Goshert further testified that he observed [Wall] place a duffel bag behind him towards his left. Officer Goshert asked to whom the duffel bag belonged and none of the group responded or acknowledged ownership. The bag was behind [Wall] who was on the top step. Everyone else was seated below [Wall] on the steps. The bag was within arm's reach of [Wall].

After no one claimed ownership, Officer Goshert then secured the duffel bag and reviewed its contents. Inside the duffle bag was a pair of shoes, headphones, and a silver revolver. [Wall] was subsequently arrested and taken into custody. Police [O]fficer Goshert also testified [that] none of the other males were seen handling the duffle bag.

Trial Court Opinion, 2/3/15, at 1-2 (citations omitted).

Wall was charged with the aforementioned firearms offenses. He subsequently filed a motion to suppress the evidence obtained by Officer Goshert in searching the duffle bag. The court held a hearing on January 2, 2014, and denied the suppression motion. A non-jury trial was held immediately thereafter before the Honorable Roxanne E. Covington, who found Wall guilty of all charges. Wall was sentenced on February 21, 2014, to 12 to 24 months' incarceration followed by three years' probation. This timely appeal followed.

On appeal, Wall raises the following issue for our review:

Should not the evidence seized from [Wall's] bag have been suppressed, where [Wall] had a reasonable expectation of privacy in the bag and police had neither probable cause to search the bag nor a search warrant, and no exception to [the] warrant requirement applied?

Brief for Appellant, at 3.

When reviewing a challenge to the denial of a suppression motion, our standard of review is as follows:

The standard and scope of review for a challenge to the denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the rulings of a suppression court, this Court considers only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. When the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Downey*, 39 A.3d 401, 405 (Pa. Super. 2012) (citations omitted).

Regarding a motion to suppress, "in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched." *Commonwealth v. Burton*, 973 A.2d 428, 434 (Pa. Super. 2009) (en banc). An "individual must demonstrate that he sought to preserve something as private." *Commonwealth v. Moore*, 928 A.2d 1092, 1098 (Pa. Super. 2007). However, where property has been abandoned, a defendant has no standing to contest its search and seizure. *Commonwealth v. Windell*, 529 A.2d 1115, 1117 (Pa. Super. 1987). Our Supreme Court has stated that

> [a]bandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts. All relevant circumstances existing at the time of the alleged abandonment should be considered. Police pursuit or the existence of a police investigation does not of itself render abandonment involuntary. The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.

*Commonwealth v. Shoatz*, 366 A.2d 1216, 1220 (Pa. 1976) (citations omitted).

Instantly, Wall asserts that when he placed the duffel bag containing the gun behind him, he demonstrated an intent to exercise control over it. Alternatively, however, Wall's movement of the bag can be viewed as an attempt to physically distance the bag from himself. Moreover, when Officer Goshert questioned Wall regarding the bag, Wall remained silent rather than asserting his ownership of it. Wall argues that constitutionally he was permitted to remain silent when confronted by police. While this is true, it does not alter the fact that when Wall chose not to assert his ownership of the bag when questioned directly, he thereby failed to demonstrate an attempt to preserve the bag and its contents as private. *Moore*, *supra*. Thus, Wall voluntarily relinquished his interest in the bag at the time of the search. *Shoatz*, *supra*. The trial court therefore did not err in denying Wall's suppression motion.

Judgment of sentence affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2016