J-S59004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL LEGGETT, | : | |
| | : | |
| Appellant | : | No. 1505 EDA 2013 |

Appeal from the Judgment of Sentence Entered February 5, 2008,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0909771-2003.

BEFORE: SHOGAN, J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                 **FILED DECEMBER 09, 2014**

Appellant, Darnell Leggett, appeals *nunc pro tunc* from the judgment of sentence entered February 5, 2008. For the reasons that follow, we vacate and remand for resentencing.

We summarized the facts and early procedural history in a prior appeal, as follows:

> On July 10, 2003, a violent altercation ensued [among Appellant], Patricia Herlocher, and William Higgins, Herlocher's boyfriend, at a residence located at 1307 Foulkrod Street, in the City of Philadelphia. That evening, Herlocher, Higgins, and [Appellant] were smoking crack together in the basement of the residence, after which, Higgins went upstairs to lie down. Subsequently, Herlocher came upstairs and complained to Higgins that [Appellant] was acting "fresh" towards her and scaring her, and that she wanted [Appellant] to leave the house. Subsequently, [Appellant] left the house after Higgins confronted him with a shillelagh, which is a large walking stick. However, the confrontation turned extremely violent when [Appellant]

_____
*Retired Senior Judge assigned to the Superior Court.

returned to the house, and struck Higgins in the head with the shillelagh repeatedly, and also stabbed him several times with a twelve inch steak knife. [Appellant] then followed Herlocher outside the house and stabbed her in the right buttock.

On August 11, 2003, [Appellant] was arrested and charged with two counts of aggravated assault and possessing instruments of crime. On March 1, 2004, following a jury trial, [Appellant] was convicted of one count of aggravated assault on Higgins, and also of possession of instruments of crime. Thereafter, on December 9, 2004, [Appellant] argued a post-verdict motion for extraordinary relief, requesting a new trial. Specifically, [Appellant] argued that he should have been allowed to impeach Herlocher with a hospital record containing a notation in which she allegedly stated that her boyfriend's ex-girlfriend was the person who had stabbed her. On December 22, 2004, the trial court granted [Appellant's] motion for extraordinary relief, concluding that the court had made reversible error when it refused to allow [Appellant] to impeach Herlocher with the alleged prior inconsistent statement contained in the hospital record.

*Commonwealth v. Leggett*, 418 EDA 2005, 944 A.2d 794 (Pa. Super. filed November 30, 2007) (unpublished memorandum at 1–2). In that decision, this Court reversed, concluding that the trial court erred in finding that Appellant "had established that the notation in the hospital record constituted a prior statement of Herlocher." *Id*. at 5. Thus, we remanded the case for sentencing.

On February 5, 2008, the trial court sentenced Appellant to five to ten years of imprisonment for aggravated assault and four years of probation for two counts of recklessly endangering another person ("REAP"), to run

consecutively. The trial court summarized the ensuing procedural history as follows:

> On June 27, 2008, the trial court held an evidentiary hearing on a post-sentence motion for a new trial, regarding an alleged stipulation about the medical records. [The Honorable Harold M.] Kane[, who is retired,] denied the motion on July 11, 2008. [Appellant] filed a *pro se* PCRA petition on January 30, 2009. The case was transferred to be heard by the Honorable Denis P. Cohen, Judge of the Court of Common Pleas, on January 20, 2012.[1] A PCRA hearing was held on May 13, 2013.[2] At that hearing, Judge Cohen ordered that [Appellant's] appellate rights be restored *nunc pro tunc*. [Appellant] filed his Notice of Appeal on May 21, 2013, and this [c]ourt issued its 1925(b) order on September 5, 2013. On October 7, 2013[, Appellant] filed a Motion for Extension of Time as well as a *nunc pro tunc* Statement of Matters, setting forth the . . . matters for appeal.

Trial Court Opinion, 12/26/13, at 2.

> Appellant raises the following issues on appeal:

> A. Whether The Verdict of Was Insufficient as a Matter of Law and Against the Weight of the Evidence where the Testimony was based on the inconsistent testimony of the complainant who admitted to using drugs at the time of the incident?

> B. Whether The trial court erred in denying [Appellant's] post sentence motion there was a stipulation between the parties with

---

[1] It appears that the significant delay between the filing of the PCRA petition on January 30, 2009, and the PCRA hearing on January 20, 2012, occurred due to multiple withdrawals of counsel and multiple requests for continuances by the defense, on February 11, 2011, July 29, 2011, September 30, 2011, January 20, 2012, January 30, 2012, March 9, 2012, April 16, 2012, May 18, 2012, June 18, 2012, September 24, 2012, November 5, 2012, November 30, 2012, and February 15, 2013.

[2] The notes of testimony from this hearing are not in the record certified to us on appeal.

regard to a statement made by the complainant in the medical records that should have been admissible at trial?

Appellant's Brief at 5 (*verbatim*).

Appellant combines his contention that the verdict was not supported by sufficient evidence with his claim that it was against the weight of the evidence. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. ***Commonwealth v. Rivera***, 983 A.2d 1211 (Pa. 2009). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. ***Commonwealth v. Diamond***, 83 A.3d 119 (Pa. 2013). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. ***Commonwealth v. Hansley***, 24 A.3d 410 (Pa. Super. 2011). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Kelly***, 78 A.3d 1136 (Pa. Super. 2013).

Appellant's argument that the verdict is not supported by sufficient evidence is based on his contention that the trial testimony of victim William Higgins "did not make sense." Appellant's Brief at 10. Appellant asserts that Higgins, who admitted having a nervous condition, "confronted the

Appellant with a large stick . . . and then claimed that he put the stick down even though the Appellant did not leave after being threatened with harm." Appellant's Brief at 10. Appellant also avers that the victim testified he was repeatedly beaten and stabbed with a knife, but his medical records revealed that his only injuries were a five-centimeter scalp laceration and two lacerations on his leg. *Id*.

We conclude that Appellant's challenge to the sufficiency of the evidence is waived because Appellant failed to specify which elements of the crimes were not satisfied. In ***Commonwealth v. Williams***, 959 A.2d 1252 (Pa. Super. 2008), we stated, "If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal." ***Id***., 959 A.2d at 1257. Here, such specificity is lacking in Appellant's claim of error and, therefore, Appellant's claim is unreviewable.

Appellant's challenge to the sufficiency of the evidence fails on a separate basis as well. While Appellant presented his question in terms of sufficiency, the argument portion of the brief is an attack on victim Higgins's credibility. It is well settled that a challenge to the credibility of a witness is a challenge to the weight of the evidence and not the sufficiency of the evidence. ***Commonwealth v. Lopez***, 57 A.3d 74, 80 (Pa. Super. 2012).

Accordingly, Appellant's claim fails. *See Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999) (stating that, although the appellant phrased his claim as a challenge to the sufficiency of the evidence, the challenge actually goes to the weight of the evidence, and as such, the appellant's challenge to the sufficiency of the evidence must fail).

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Ramtahal*, 33 A.3d 602 (Pa. 2011). "An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence." *Id*. at 609. A trial judge cannot grant a new trial due to a mere conflict in testimony or because he would have arrived at a different conclusion on the same facts. *Commonwealth v. Edwards*, 903 A.2d 1139 (Pa. 2006). Instead, a new trial should be granted "only in truly extraordinary circumstances . . . ." *Id*. at 1149.

The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Diggs*, 949 A.2d 873 (Pa. 2008). "In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will be granted only where the facts and inferences of record disclose a palpable abuse of discretion." *Id*. at 879. Thus, "the trial court's denial of a motion for a new

trial based on a weight of the evidence claim is the least assailable of its rulings." ***Rivera***, 983 A.2d at 1225.

The trial court concluded that Appellant's weight-of-the-evidence claim was waived for failure to raise the issue in the trial court. ***See*** Pa.R.Crim.P. 607(A). We agree. As we have stated:

> A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; ***Commonwealth v. Priest***, 18 A.3d 1235, 1239 (Pa. Super. 2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. ***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009).

***Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014) (quoting ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012). Although Appellant filed a post-sentence motion, he did not assail the weight of the evidence as an issue, nor did he "make any other oral or written motion challenging the verdict as against the weight of the evidence." Trial Court Opinion, 12/26/13, at 4. We agree with the trial court that Appellant has waived this matter, and we decline to address its merits. ***Id***.

Appellant next contends that the trial court erred in denying his post-sentence motion challenging the admissibility of a notation in Victim Herlocher's hospital records to impeach her testimony. Initially, we note that Appellant, in a two-paragraph argument, fails to cite any relevant

authority in support of his claim. As we recently stated in **Commonwealth**

**v. Samuel**, 2014 PA Super 236, \_\_\_ A.3d \_\_\_ (Pa. Super. 2014), in holding

an issue waived because it was undeveloped and failed to cite relevant law:

> The only case law . . .cite[d] in support of this claim is the standard of review . . . . Again, we will not comb the record for the facts in support of [a] claim and we will not develop arguments on [the appellant's] behalf. This issue is waived. Mulholland, 702 A.2d at 1034 n. 5; Gould, 912 A.2d at 873.

**Id**., \_\_\_ A.3d at \_\_\_, 2014 PA Super at *3 (citing **Commonwealth v.**

**Mulholland**, 702 A.2d 1027, 1034 n.5 (Pa. 1997), and **Commonwealth v.**

**Gould**, 912 A.2d 869, 873 (Pa. Super. 2006)). Thus, we could find this

issue waived.

The trial court stated the following in disposing of this issue:

> Defendant claims that the female victim's purported statement in the medical records should have been admitted to impeach her testimony. However, this issue has already been addressed and ruled upon by the Superior Court. *Commonwealth v. Leggett*, J. A14021/06, No. 418 Eastern District Appeal 2005 at 4 (Unpublished). On a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court. *Commonwealth v. Starr*, 541 Pa. 564, 574 (1995); *see also* discussion of collateral estoppel in *Commonwealth v. Holder*, 569 Pa. 474, 479-80 (2002). Defendant is essentially trying to relitigate the question of the admissibility of the statement in the medical records. The Superior Court in 2007 held that there was no evidence that the statement at issue was actually made by the female victim. Thus, it could not be admitted as a prior inconsistent statement, and it was not error to exclude it. *Leggett*, No. 418 Eastern District Appeal 2005 at 4-5. The defendant cannot now re-argue this same issue.

Trial Court Opinion, 12/26/13, at 6. ***Accord Commonwealth v. Leggett***, 418 EDA 2005, 944 A.2d 794 (Pa. Super. filed November 30, 2007) (unpublished memorandum at 4-5). We agree with the trial court and conclude the issue lacks merit.

Finally, we note that in its Pa.R.A.P. 1925(a) opinion, the trial court stated the following concerning the sentence imposed:

> The Notes of Testimony confirm that [Appellant] was arraigned solely on two counts of Aggravated Assault and one count of PIC. (N.T. 02/26/2004 at 4). He was not arraigned on any REAP charges. (Id.) The jury returned a verdict of guilty on the Aggravated Assault of Ms. Herlocher, not guilty on the Aggravated Assault of Mr. Higgins, and guilty on PIC. (N.T. 03/01/2004 at 97-98). On the same day that the jury returned this verdict, the trial court signed the two REAP Bills of Information, approving the nolle prosequi of those charges.
>
> The sentencing order (Form 6-288A), dated February 5, 2008, located in the Quarter Session file and signed by the trial judge, specified the following sentence: 5-10 years incarceration for Aggravated Assault, concurrent with any other sentence now serving; no further penalty for PIC; 2 years consecutive probation on each of two counts of REAP. Accordingly, the two-year consecutive probationary sentences on each of the REAP charges [were] illegal as [Appellant] was neither convicted nor even arraigned on any REAP charge.
>
> This issue was not raised by either the defense or the Commonwealth.

Trial Court Opinion, 12/26/13, at 2 n.3. The trial court thus requests that we remand the case so that the trial court can vacate the illegal sentence. The Commonwealth has joined in that request. Commonwealth's Brief at 4 n.1. It is beyond peradventure that Appellant could not properly be

sentenced on charges for which he had not previously been charged, arraigned, or indicted. **See, e.g., Commonwealth v. Thompson**, 289 A.2d 222 (Pa. Super. 1972) ("This defendant was sentenced under the Gun Possession Law . . . without having previously been charged, arraigned, or indicted therefor, which is contrary to the law.") **Id**.

The question we are thus faced with is whether we may merely vacate the sentence directly or must remand for resentencing. "[W]here a case requires a correction of sentence, this [C]ourt has the option of either remanding for resentencing or amending the sentence directly." **Commonwealth v. Klein**, 795 A.2d 424, 430–431 (Pa. Super. 2002). In other words, if we can vacate the illegal sentence without upsetting the trial court's overall sentencing scheme, we need not remand for resentencing. **Commonwealth v. Thur**, 906 A.2d 552, 570 (Pa. Super. 2006).

Here, although we could vacate the sentence, in part, to remove the illegal probationary sentence for REAP, we believe the prudent course is to vacate the entire sentence and remand for resentencing. **See Commonwealth v. Williams**, 550 A.2d 579 (Pa. Super. 1988) (where the sentence vacated may affect the sentence imposed by the court, we must remand).

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014