**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEVERETT EDWARD JOHNSON | : | |
| | : | |
| Appellant | : | No. 175 WDA 2018 |

Appeal from the Judgment of Sentence January 20, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013866-2014,
CP-02-CR-0013867-2014, CP-02-CR-0014229-2014,
CP-02-CR-0014230-2014, CP-02-CR-0014231-2014,
CP-02-CR-0014233-2014, CP-02-CR-0014234-2014,
CP-02-CR-0015392-2014, CP-02-CR-0015534-2014,
CP-02-CR-0016430-2014, CP-02-CR-0016687-2014

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                      **FILED JUNE 03, 2019**

Appellant, Leverett Edward Johnson, appeals *nunc pro tunc* from the judgment of sentence imposed on January 20, 2016 in the Allegheny County Court of Common Pleas.  This case involves a procedural morass related to the sheer number of docket numbers and the attendant scrivener error in record keeping and by Appellant.  We affirm in part and vacate in part.

The trial court summarized the procedural history as follows:

> On[1] October 21, 2015, Mr. Leverett Johnson [("Appellant")], plead guilty at criminal complaint numbers 2014-13867; 14233; and 14251, to three (3) counts of robbery-threatened serious

bodily injury under 18 Pa.C.S.A. § 3701([(a)(1)](ii);[1] one (1) count of theft by unlawful taking under 18 Pa.C.S.A. § 3921([a]); one (1) count of aggravated assault under 18 Pa.C.S.A. § 2702([a)(1)]; and one (1) count of criminal mischief under 18 Pa.C.S.A. § 3304([a])3.

> [1] For the purposes of clarity, it should be noted that [Appellant] was charged at eighteen different criminal complaint numbers[, o]nly eleven of which are contained in this appeal.[2] However, as this was a crime "spree" it is not possible to leave the additional cases unaddressed for purposes of a complete recounting of events.
>
> On the same date this [c]ourt began a stipulated non-jury trial regarding the remaining cases. At criminal complaint number 2014-13866, this [c]ourt found [Appellant] guilty of one (1) count of robbery-threatened infliction of serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii). At criminal complaint number 2014-14227, this [c]ourt found [Appellant] guilty of one (1) count of robbery-threatened serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii). At criminal complaint number 2014-14228, this [c]ourt found [Appellant] guilty of one (1) count of robbery-threatened serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii). At criminal complaint number 2014-14229,

---

[1] We note that subsections (i) and (ii) are consistently mischaracterized throughout documents in the cases as (I) and (II). The charging documents, the trial court, and Appellant also refer to subsection (a) of the charged statutes as subsection (A). These scrivener errors add to the confusion in the cases but do not affect the resolution of the issues.

[2] As noted by the trial court, Appellant's notice of appeal lists eleven docket numbers including, *inter alia*, Allegheny County Docket Numbers 2014-13867 and 2014-14233. However, Appellant fails to make any argument in his brief related to these two cases to which he pled guilty. Because Appellant has abandoned any argument related to these docket numbers, any claim related to them is waived. *See Commonwealth v. Woodard*, 129 A.3d 480, 509 (Pa. 2015) (holding that "where an appellate brief fails to ... develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's arguments for him.") (citing *Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014)).

this [c]ourt found [Appellant] guilty of two (2) counts of robbery-threatened infliction of serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii). The proceedings were then continued and resumed on November 3, 2015.

On November 3, 2015, at criminal complaint number 2014-14230, this [c]ourt found [Appellant] guilty of one (1) count of robbery-threatened infliction of serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii), as well as one (1) count of theft by unlawful taking under 18 Pa.C.S.A. § 3921([a]). At criminal complaint number 2014-14231, this [c]ourt found [Appellant] guilty of two (2) counts of robbery-threatened infliction of serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii), as well as one (1) count of theft by unlawful taking under 18 Pa.C.S.A. § 3921([a]). At criminal complaint number 2014-14232, this [c]ourt found [Appellant] guilty of one (1) count of robbery-threatened serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii). At criminal complaint number 2014-14234, this [c]ourt found [Appellant] guilty of one (1) count of robbery-threatened infliction of serious bodily injury under 18 Pa.C.S.A. § 3071([a)(1)](ii). At criminal complaint number 2014-14235, this [c]ourt found [Appellant] guilty of one (1) count of robbery-threatened serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii), as well as one (1) count of theft by unlawful taking under 18 Pa.C.S.A. § 3921([a]).

At criminal complaint number 2014-14236, this [c]ourt found [Appellant] guilty of two (2) counts of robbery-threatened immediate serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii). At criminal complaint number 2014-14248, this [c]ourt found [Appellant] guilty of robbery under 18 Pa.C.S.A. § 3701([a)(1)](iv). At criminal complaint 2014-15392, this [c]ourt found [Appellant] guilty of one (1) count of robbery-threatened infliction of serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii), as well as one (1) count of terroristic threats under 18 [Pa.C.S.] § 2706([a)(1)]. At criminal complaint number 2014-15534, this [c]ourt found [Appellant] guilty of one (1) count of robbery-threatened infliction of serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii), as well as one (1) count of terroristic threats under 18 Pa.C.S.A. § 2706([a)(1)]. At criminal complaint number 2014-16430, this [c]ourt found [Appellant] guilty of one (1) count of robbery-threatened infliction of serious bodily injury under 18 Pa.C.S.A. § 3701([a)(1)](ii), as well as one (1) count of terroristic threats under 18 Pa.C.S.A. § 2706([a)(1)]. Finally, at

criminal complaint number 2014-16687, this [c]ourt found [Appellant] guilty of one (1) count of robbery-take property by force under 18 Pa.C.S.A. § 3701([a)(1)](v). Sentencing was waived until January 20, 2016.

On January 20, 2016, this [c]ourt sentenced [Appellant] to an aggregate sentence of ten (10) to twenty (20) years pursuant to a mandatory minimum.[3] On September 15, 2016, [Appellant] filed a *pro se* Post-Conviction Relief Act [("PCRA")] Petition with this [c]ourt. On September 19, 2016, this [c]ourt appointed counsel to represent [Appellant] in his PCRA [petition]. On June 26, 2017, counsel filed an Amended Petition for Collateral Relief with this [c]ourt, requesting *nunc pro tunc* reinstatement of [Appellant's] rights to a direct appeal. On July 26, 2017, the Commonwealth filed an Answer to [Appellant's] Amended PCRA Petition and consented to the reinstatement of [Appellant's] right to a direct appeal. On August 2, 2017, this [c]ourt reinstated [Appellant's] appellate rights.

On September 7, 2017, [Appellant] filed a Post-Sentence Motion with this [c]ourt. On October 13, 2017, the Commonwealth filed a Response to [Appellant's] Post-Sentence Motion. On January 3, 2018, this [c]ourt denied [Appellant's] Post-Sentence Motion in its entirety.

On February 1, 2018, [Appellant] filed a Notice of Appeal to Superior Court. On February 16, 2018, this [c]ourt ordered that [Appellant] filed [sic] a [Pa.R.A.P.] 1925(b) Concise Statement of Errors Complained of on Appeal. On March 13, 2018, this [c]ourt granted [Appellant] an Extension of Time to File Concise Statement of Errors Complained of on Appeal. [Appellant] timely filed his [Rule] 1925(b) Concise Statement of Errors Complained of on Appeal on April 24, 2018.

Trial Court Opinion, 10/11/18, at 1–4.

In reciting its summary of the facts, the trial court noted that beginning

on September 22, 2014, and ending on October 6, 2014, Appellant committed

---

[3] The mandatory minimum sentences were due to prior convictions. N.T. (Sentencing), 1/20/16, at 17–18.

- 4 -

eighteen robberies in various areas of Pittsburgh. Trial Court Opinion, 10/11/18, at 4. While we will not repeat them here, the trial court set forth a summary of the facts of each of the robberies drawn "from the affidavits of probable cause[,] which were stipulated to as the factual basis for each case, [and] which should be submitted to this Superior Court as part of the official record." *See id.* at 4–11.

Appellant raises the following two issues on appeal:

I.     Was the evidence insufficient as a matter of law to sustain the convictions under 18 Pa.C.S. § 3701([a])(1)(i)-robbery-infliction of serious bodily injury at CC #2014[-]14229, CC #2014[-]13866, CC # 2014[-]13887,[4] CC #2014[-]15392, CC #2014[-]14231, CC #2014[-]14230, CC #2014[-]16430, CC #2014[-]14234, and CC #2014[-]15534, insofar as the Commonwealth did not prove beyond a reasonable doubt that [Appellant], in the course of committing a theft, inflicted bodily injury upon another in those cases?

II.    Was the evidence insufficient as a matter of law to sustain the conviction at CC #2014[-]16687 under 18 Pa.C.S.§ 3701([a])(1)([v]) (robbery-takes property from another by force) insofar as the Commonwealth failed to prove beyond

---

[4] Our review of the record reveals that there were no charges identified as related to Docket Number CC 2014-13887 in this case, nor was this docket number included in Appellant's notice of appeal. Indeed, the trial court pointed out that this docket number, which also was included in Appellant's Pa.R.A.P. 1925(b) statement, "does not correspond to any of [Appellant's] cases . . . ." Trial Court Opinion, 10/11/18, at 12 n.2. Despite the trial court's notification of this apparent error, Appellant failed to correct reference to it in his Statement of the Questions Involved in his appellate brief, thereby perpetuating the error and continuing confusion in this case. Moreover, in the argument section of Appellant's brief, Appellant fails to present any claim regarding such docket number. It is likely that Appellant has made a scrivener error in both his Rule 1925(b) statement and his Statement of Questions Involved pursuant to Pa.R.A.P. 2116.

a reasonable doubt that any property was taken or removed, or that [Appellant] used any force, and therefore, did not establish the elements required to establish an offense pursuant to Section 3701([a])(1)(v)?

Appellant's Brief at 4 (unnecessary capitalization removed).

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Sanchez***, 36 A.3d 24, 37 (Pa. 2011). In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. ***Commonwealth v. Von Evans***, 163 A.3d 980, 983 (Pa. Super. 2017). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Commonwealth v. Colon-Plaza***, 136 A.3d 521, 525–526 (Pa. Super. 2016) (quoting ***Commonwealth v. Robertson-Dewar***, 829 A.2d 1207, 1211 (Pa. Super. 2003)). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. ***Commonwealth v. Tejada***, 107 A.3d 788, 792–793 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. ***Commonwealth v. Mucci***, 143 A.3d 399, 409 (Pa. Super. 2016). Moreover, as an appellate court, we may not re-weigh the

evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Rogal***, 120 A.3d 994, 1001 (Pa. Super. 2015).

In his first issue, Appellant asserts that the evidence was insufficient as a matter of law to sustain his convictions under 18 Pa.C.S. § 3701(a)(1)**(i)**-robbery-infliction of serious bodily injury, at eight designated docket numbers. Appellant's Brief at 24–26. In particular, Appellant avers that there "was no evidence presented that any of the victims in the cases at issue suffered serious bodily injury." Appellant's Brief at 29. This is the sole argument Appellant proffers for this issue. For the reasons that follow, we will not address the substance of this claim of insufficient evidence because Appellant was not convicted of subsection 3701(a)(1)**(i).**

Appellant does not clarify the basis for his argument, suggesting, without clearly substantiating, that "[t]he [trial] court's verdict in these cases appears on page 1 of each Criminal Information and references only the Count numbers which appear on the same page." Appellant's Brief at 9 n.2. The Commonwealth suggests that Appellant rests his argument "on the front page docket sheet of the information[s], which list[] 18 Pa.C.S.A. § 3701(a)(1)(i) as the charge, rather than recognizing that charging language set forth in the information encompasses both 18 Pa.C.S.A. § 3701(a)(1)(i) and 18 Pa.C.S.A. § 3701(a)(1)(ii). Commonwealth's Brief at 19.

In the eight[5] correctly referenced cases set forth in Issue One, Docket Numbers 2014-13866, 2014-14229, 2014-14230, 2014-14231, 2014-14234, 2014-15392, 2014-15534, and 2014-16430, Appellant was charged, *inter alia*, with robbery, which provides, in pertinent part, as follows:

**§ 3701. Robbery**

**(a) Offense defined.—**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

18 Pa.C.S. § 3701(a)(1)(i)–(ii). A review of the charging documents reveals that Appellant was charged with robbery-serious bodily injury, "in violation of 18 Pa.C.S. § 3701(a)(1)(i) **or (ii)** of the Pennsylvania Crimes Code." Informations in referenced docket numbers (emphasis added). Both the trial court and the Commonwealth agree with Appellant that the victims in these cases did not suffer serious bodily injury. Trial Court Opinion, 10/11/18, at 13; Commonwealth's Brief at 18. However, both the trial court and the Commonwealth make clear that Appellant was convicted of 18 Pa.C.S. § 3701(a)(1)**(ii)**, not subsection (i). The trial court stated as follows:

A review of the record indicates that at every criminal complaint number complained of under this prong of [Appellant's]

---

[5] The robbery section charged in the ninth case, Docket Number 2014-16687, is different, and that case is addressed in Appellant's second issue.

argument, the notation "Count 99,999: 18 § 3701 §§ A II—Robbery-Threat Immed Ser Injury (F1) Offense Disposition: Charge Changed" can be found. [There was] clearly a clerical error, where the record was changed from the correct charge to the incorrect charge. Additionally, a review of the Sentencing Guidelines in each case reflects the accurate convictions of Robbery-Threatens Serious Bodily Injury. This Court does not profess to be perfect, however, it is not so incompetent as to find [Appellant] guilty in nine (9) cases of an offense of which there is clearly no proof. In an age of computer technology where the paperwork of justice has been replaced with keystrokes and "drop-down menus" the potential for error is greatly increased. However, this is not an error for which [Appellant] is entitled to any relief other than the correction of his paperwork.

[Appellant] is correct in that he never inflicted any serious bodily injury. He did however, **threaten to do so** when he either brandished the replica firearm or behaved as if he had a weapon in his sweatshirt. In multiple robberies he threatened to shoot his victims if they did not comply with his demands more quickly.

Trial Court Opinion, 10/11/18, at 13–14 (emphasis added).

We have carefully reviewed the certified records. The Informations in the appealed cases identify the robbery counts consistently as, for example, the Information at Docket Number 2014-14229, which is representative of all of the relevant Informations, and states:

Count 1     ROBBERY-SERIOUS BODILY INJURY     Felony 1

The actor in the course of committing a theft, either inflicted serious bodily injury upon [the victim], **threatened that person** or persons with, **or put that person** or persons **in fear of immediate serious bodily injury**, in violation of Section 3701(a)(1)**(i) or (ii)** of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §3701(a)(1)**(i) or (ii).**

Count 2     ROBBERY-SERIOUS BODILY INJURY     Felony 1

The actor in the course of committing a theft, either inflicted serious bodily injury upon [the victim], **threatened that person**

or persons with, **or put that person** or persons **in fear of immediate serious bodily injury**, in violation of Section 3701(a)(1)(i) or (ii) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §3701(a)(1)**(i) or (ii)**.

Information at Docket Number 2014-14229, 12/10/14, at 1 (emphases added). The description of the acts in the complaint at that Docket Number states as follows:

18 [Pa.C.S. §] 3701[(a)(1)(ii)] ROBBERY F1 2 COUNTS

The actor, in the course of committing a theft, **threatened** another person with, **or intentionally put that person . . . in fear of immediate serious bodily injury**, in violation of 18 Pa. C.S. § 3701(a)(1)**(ii)**.

The actor, in the course of committing a theft, **threatened** another person with, **or intentionally put that person . . . in fear of immediate serious bodily injury**, in violation of 18 Pa. C.S. § 3701(a)(1)**(ii)**.

Criminal Complaint at Docket Number 2014-14229, 10/13/14, at 2.

As noted, following Appellant's guilty pleas in three of the cases, the trial court conducted a stipulated bench trial. N.T., 10/21/15, at 31, 36. Using Docket Number 2014-14229 as an example, the trial court found Appellant "guilty of Counts One and Two." *Id.* at 42. The verdict was recorded as follows:

And now 10-21 2015 after hearing a stipulated non-jury in open court, [Appellant] is Adjudged

Guilty of counts 1-2.

By the Court

- 10 -

The Guideline Sentence Form for Docket Number 2014-14229 identifies the offense as "Robbery-threatens SBI[6]" as provided in "18 [Pa.C.S. §] 3701 A1II." At sentencing on Docket Number 2014-14229, the trial court stated:

[W]ith regard to Count 1, the [c]ourt imposes a sentence of no less than seven years and no more than 14 years. Said sentence will run concurrent with all other sentences imposed.

N.T. (Sentencing), 1/20/16, at 34. The Order of Sentence provides, in pertinent part:

AND NOW, this 20th day of January, 2016, [Appellant] having been convicted in the above-captioned case is hereby sentenced by this [c]ourt as follows. [Appellant] is to pay all applicable fees and costs unless otherwise noted below:

Count 1-18 § 3701 §§ A1I-Robbery-Inflict Serious Bodily Injury (F1)

To be confined for a minimum period of 7 Year(s) and a maximum period of 14 Year(s) at SCI Camp Hill. The following conditions are imposed:

Comply-DNA: [Appellant] is to comply with DNA registration.

Contact-No Contact: [Appellant] is to have no contact with victim(s) and establishment.

Restitution: [Appellant] is to pay restitution in the amount of $400.00 to see order filed.

Other: [Appellant] is NOT RRRI ELIGIBLE.

This sentence shall commence on 01/20/2016.

Count 2-18 § 3701 §§ A1I-Robbery-Inflict Serious Bodily Injury (F1)

---

[6] SBI is serious bodily injury.

A determination of guilty without further penalty.

Count 99,999-18 § 3701 §§ A1**II** - Robbery-**Threat** Immed Ser Injury (F1)

Offense Disposition:  **Charge Changed**

Count 99,999-18 § 3701 §§ A1**II**-Robbery-**Threat** Immed Ser Injury (F1)

Offense Disposition:  **Charge Changed**

Order of Sentence, 1/20/16, at 1 (emphases added).  The paperwork in the other appealed cases is consistent.

Our careful review of the record reveals that Appellant was charged with robbery in violation of subsection 3701(a)(1)(i) or (ii).  The language of the Informations put Appellant on notice that he was charged with inflicting serious bodily injury **or threatening** bodily injury.  It is beyond cavil that Appellant knew the facts surrounding the offenses charged.  Bills of information are governed by the Pennsylvania Rules of Criminal Procedure, which require that they include a "plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint[.]"  Pa.R.Crim.P.  560(B)(5);  ***see also Commonwealth v. Badman***, 580 A.2d 1367, 1371 (Pa. Super. 1990) (stating that "[t]he information should be read in a common sense manner, rather than being construed in an overly technical sense.").  Importantly, Pa.R.Crim.P. 560(C) provides that the Information "shall contain the official or customary citation of the statute and section thereof, or other provision of

law that the defendant is alleged therein to have violated; **but the omission of or error in such citation shall not affect the validity or sufficiency of the information**." Pa.R.Crim.P. 560(C) (emphasis added). "The purpose of the information is to advise the accused of the allegations and the crimes charged, to give sufficient notice to allow the opportunity to prepare a defense, and to define the issues for trial." *Commonwealth v. Kisner*, 736 A.2d 672, 674 (Pa. Super. 1999).

We agree with the trial court that a claim regarding the sufficiency of the evidence under 18 Pa.C.S. § 3701(a)(1)(i) is irrelevant in this case because Appellant was convicted, instead, of 18 Pa.C.S. § 3701(a)(1)(ii). "A trial court has inherent, common-law authority to correct 'clear clerical errors' in its orders." *Commonwealth v. Thompson*, 106 A.3d 742, 766 (Pa. Super. 2014) (citation omitted). Moreover, this authority "exists even after the 30–day time limitation for the modification of orders expires." *Id.* (citing 42 Pa.C.S. § 5505). The *Thompson* Court reiterated that "[w]e have previously concluded that a 'clear clerical error' exists on the face of the record 'when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing.'" *Id.* (quoting *Commonwealth v. Borrin*, 12 A.3d 466, 473 (Pa. Super. 2011) (*en banc*) (citing *Commonwealth v. Holmes*, 933 A.2d 57, 67 (Pa. 2007) ("concluding the limited, inherent judicial power of the court to correct patent errors arise in cases 'involving clear errors in the

imposition of sentences that are incompatible with the record'")).  Appellant's first issue is rejected as meritless.

Appellant's second issue involves only Docket Number 2014-16687.  In its opinion, the trial court described the facts of that case as follows:

> On September 24, 2014, at approximately 3:52 p.m. [Appellant] robbed an Eat N Park on West Liberty Avenue. [Appellant] entered the restaurant wearing a black hooded jacket, a bandanna covering his face with a skull pattern and red lips. The managers noticed [Appellant] enter the restaurant and head for the cash register.  Both managers began to yell "register!" and [Appellant] seemed to become fearful and ran.  [Appellant] would later confess that he attempted to rob this location.

Trial Court Opinion, 10/11/18, at 6.  The Information therein charged as follows:

> Count 1    ROBBERY-FORCE HOWEVER SLIGHT     Felony 3
>
> The actor in the course of committing a theft, namely, theft of United States currency physically took or removed property from the person or persons of [victim 1] and/or [victim 2] by force, however slight, in violation of Section 3701(a)(1)(v) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S.§ 3701(a)(1)(v).

Information, 2/2/15, at 1.  The relevant statute provides as follows:

> **§ 3701. Robbery**
>
> **(a) Offense defined.—**
>
> > (1) A person is guilty of robbery if, in the course of committing a theft, he:
> >
> > \* \* \*
> >
> > (v) physically takes or removes property from the person of another by force however slight[.]

- 14 -

> (2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

18 Pa.C.S. § 3701(a)(1)(v), (a)(2).

Appellant argues that there was insufficient evidence to support his conviction and contends the Commonwealth failed to prove beyond a reasonable doubt "that any property was taken or removed, or that [Appellant] used any force, and therefore, did not establish the elements required to establish an offense pursuant to [18 Pa.C.S. §] 3701(a)(1)(v)." Appellant's Brief at 32. Appellant maintains that he "never touched either of the managers or anyone else in the restaurant. He did not remove any item from anyone's person or control. The fact that his hand was reaching into his pocket and [he was] heading for the cash register did not establish 'force however slight.'" *Id.* at 34. As noted by both Appellant and the Commonwealth, "force however slight" occurs when the victim is compelled "to part with the conscious control of [his] property." *Commonwealth v. Brown*, 484 A.2d 738, 742 (Pa. 1984); Appellant's Brief at 33; Commonwealth's Brief at 24.

The trial court addressed this issue as follows:

[Appellant] entered the restaurant wearing a bandana over his face and his hand reaching into his pocket and headed straight for the cash register. Any reasonable individual can readily deduce that [Appellant] was not there to purchase a smiley cookie or some pie. The fact [Appellant] became scared by the yelling of the managers and fled without any items is irrelevant. Our State Supreme Court has held, "that circumstances made it such that

> appellant...failed to obtain and remove money (or other valuables) is irrelevant because proof of an attempted theft is sufficient to establish the "in the course of committing a theft" element of robbery." *Commonwealth v. Sanchez*, 36 A.3d 24, [42] (2011). Therefore, [Appellant's] claim is without merit.

Trial Court Opinion, 10/11/18, at 15. We do not agree with the trial court's reasoning.

The section of the statute charged in this case required that Appellant, in the course of committing a theft, physically took or removed property from the person of another by force however slight. 18 Pa.C.S. § 3701(a)(1)(v). In **Commonwealth v. Brandon**, 79 A.3d 1192 (Pa. Super. 2013), this Court stated, "[U]nder the plain language of the robbery statute, the act of 'physically taking or removing property from the person of another' is required only under subsection (v) of the robbery statute at section 3701(a)(1)." **Id.** at 1195. While the trial court is correct that there need not be a completed theft under this subsection of 3701, we have made clear that there must have been force used "during an attempted theft." **Commonwealth v. Lloyd**, 545 A.2d 890, 892 (Pa. Super. 1988).

As the Commonwealth points out,[7] it failed to prove the element of force or taking and removing. The Commonwealth avers that Appellant

> never touched either victim, nor did he remove money from the victim's person or control. The fact that [A]ppellant put his hands in his pockets is not sufficient to establish "force however slight,"

---

[7] We appreciate the Commonwealth's candor in acknowledging that it failed to present sufficient evidence to support this conviction. Commonwealth's Brief at 24–26.

- 16 -

as it did not compel the victim to hand over money. *See* [*Commonwealth v.*] *Brown*, [484 A.2d 738,] 741-742 [(Pa. 1984)]. Under a plain meaning of the statute, . . . the facts are insufficient to sustain a conviction under this subsection of the statute.

Commonwealth's Brief at 26. In regard to the use of force, this Court has stated:

It is clear to us that any amount of force applied to a person while committing a theft brings that act within the scope of robbery under § 3701(1)(a)(v). This force, of course, may be either actual or constructive. Actual force is applied to the body; constructive force is the use of threatening words or gestures, and operates on the mind.

The degree of actual force is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body. Any injury to the victim, or any struggle to obtain the property, or any resistance on his part which requires a greater counter attack to effect the taking is sufficient. The same is true if the force used, although insufficient to frighten the victim, surprises him into yielding his property.

**Brown**, 484 A.2d at 741 (internal citation omitted).

In this case, there was no use of force nor separation of property from the victims, or even an attempt to do so proven beyond a reasonable doubt. We cannot say that the Commonwealth's evidence that Appellant, wearing a bandanna, with his hand in his pocket, walking toward the register at the Eat'n Park Restaurant was sufficient to prove robbery pursuant to 18 Pa.C.S. § 3701(a)(1)(v) beyond a reasonable doubt. In the absence of any evidence to support this element of the crime, we reverse Appellant's conviction at Docket Number 2014-16687.

If we can vacate a sentence without upsetting the trial court's overall sentencing scheme, we need not remand for resentencing. ***Commonwealth v. Thur***, 906 A.2d 552, 570 (Pa. Super 2006). On the other hand, where the sentence vacated will affect the sentence imposed by the court, we must remand. ***Commonwealth v. Williams***, 550 A.2d 579 (Pa. Super. 1988). We conclude herein that a remand for resentencing is not required. ***See Commonwealth v. Robinson***, 817 A.2d 1153, 1163 n.14 (Pa. Super. 2003) (no need to remand for resentencing where trial court's sentencing scheme is not upset by reversal of conviction and sentence that was imposed concurrently to sentence on another conviction).

The conviction at Docket Number 2014-16687 is reversed and the judgment of sentence at that docket number is vacated. The judgments of sentence of all other docket numbers appealed are affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2019