**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL A. GLOVER | : | |
| | : | |
| Appellant | : | No. 1044 EDA 2023 |

Appeal from the PCRA Order Entered April 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003669-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL A. GLOVER | : | |
| | : | |
| Appellant | : | No. 1045 EDA 2023 |

Appeal from the PCRA Order Entered April 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003670-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL A. GLOVER | : | |
| | : | |
| Appellant | : | No. 1046 EDA 2023 |

Appeal from the PCRA Order Entered April 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003671-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

:
v.                                    :
                                      :
                                      :
                                      :
MICHAEL A. GLOVER                     :
                                      :
        Appellant                     :    No. 1047 EDA 2023

Appeal from the PCRA Order Entered April 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003672-2016

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :              PENNSYLVANIA
                                :
v.                              :
                                :
                                :
                                :
MICHAEL A. GLOVER               :
                                :
        Appellant               :    No. 1048 EDA 2023

Appeal from the PCRA Order Entered April 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003675-2016

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :              PENNSYLVANIA
                                :
v.                              :
                                :
                                :
                                :
MICHAEL GLOVER                  :
                                :
        Appellant               :    No. 1049 EDA 2023

Appeal from the PCRA Order Entered April 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008021-2016

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 1, 2024**

Appellant Michael Glover appeals from the order denying his first Post Conviction Relief Act[1] (PCRA) petition. Appellant raises multiple claims of ineffective assistance of trial counsel and appellate counsel. We affirm.

The underlying facts are well known to the parties. ***See Commonwealth v. Glover***, Nos. 2696 EDA 2018 et al., 2019 WL 6652035, at *1-3 (Pa. Super. 2019) (unpublished mem.). Briefly, Appellant was charged with multiple offenses at six separate docket numbers after he physically assaulted his ex-girlfriend (the victim), damaged her property, and violated an order entered pursuant to the Protection from Abuse (PFA) Act.[2] ***See id.*** at 2019 WL 6652035, at *1-2. The incidents giving rise to the charges occurred on February 1, March 1, March 12, and March 14, 2016. ***See id.*** Additionally, during the March 12, 2016 incident, Appellant tried to hit the victim's sister with his car while she was standing in the street, and later Appellant's car struck the victim's car while the victim and her sister were inside. ***See id.*** at *2.

A prior panel of this Court summarized the procedural history as follows:

Following a bench trial, the trial court found Appellant guilty of the following crimes:

- at CP-51-CR-0003675-2016 (hereinafter "Docket Number 3675-2016"), robbery, theft by unlawful taking, receiving

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 23 Pa.C.S. §§ 6101-6122.

stolen property, possessing instruments of crime ("PIC"), simple assault, and harassment;

- at CP-51-CR-0008021-2016 (hereinafter "Docket Number 8021-2016"), stalking, terroristic threats, and harassment;

- at CP-51-CR-0003669-2016 (hereinafter "Docket Number 3669-2016"), stalking, contempt for violation of order or agreement, terroristic threats, and harassment;

- at CP-51-CR-0003670-2016 (hereinafter "Docket Number 3670-2016"), aggravated assault, stalking, contempt for violation of order or agreement, PIC, simple assault, recklessly endangering another person ("REAP"), and harassment;

- at CP-51-CR-0003671-2016 (hereinafter "Docket Number 3671-2016"), aggravated assault, PIC, simple assault, and REAP; and,

- at CP-51-CR-0003672-2016 (hereinafter "Docket Number 3672-2016"), robbery, stalking, theft by unlawful taking, receiving stolen property, contempt for violation of order or agreement, terroristic threats, simple assault, and harassment.[fn6]

[fn6] 18 Pa.C.S. §§ 3701(a)(1)(iv), 2709.1(a)(1), 3921(a), and 3925(a), 23 Pa.C.S. § 6114(a), and 18 Pa.C.S. §§ 2706(a)(1), 2701(a), and 2709(a)(4), respectively.

On April 27, 2018, the trial court sentenced Appellant to serve an aggregate term of seven to [fourteen] years in prison, followed by five years of probation, for his convictions.

*Id.* at *2-3 (some citations and some footnotes omitted, some formatting altered).

We add that Derek A. Steenson, Esq., (trial counsel) represented Appellant at trial. Appellant filed timely post-sentence motions challenging the weight of the evidence and discretionary aspects of his sentence. The trial court denied Appellant's post-sentence motions and granted trial counsel

leave to withdraw from representing Appellant on August 20, 2018. The following day, the trial court appointed David M. Simon, Esq., (appellate counsel) to represent Appellant on appeal.

Appellate counsel filed timely notices of appeal on behalf of Appellant. Relevant to this appeal, Appellant argued on direct appeal that the evidence was insufficient to sustain his conviction for robbery at Docket Number 3672-2016. *See id.* at *3, *8. A prior panel of this Court concluded that Appellant had waived this sufficiency challenge because Appellant did not include the element he was challenging in his Pa.R.A.P. 1925(b) statement. *See id.* at *8. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal. *See id.* at *9, *appeal denied*, 234 A.3d 404 (Pa. 2020). The United States Supreme Court denied Appellant's petition for writ of *certiorari* on October 13, 2020. *Glover v. Pennsylvania*, 141 S.Ct. 597, 208 L.Ed.2d 190 (2020).

Appellant filed a timely *pro se* PCRA petition on October 8, 2021. The PCRA court appointed counsel to represent Appellant, who filed two amended PCRA petitions on Appellant's behalf. Therein, Appellant claimed that trial counsel was ineffective for failing to file a motion to dismiss under Rule of Criminal Procedure 600 and for failing to advise Appellant about his right to testify at trial. Suppl. Am. PCRA Pet., 5/4/22, at 7. Appellant also argued that appellate counsel was ineffective because appellate counsel failed to challenge the weight of the evidence and the discretionary aspects of his sentence on appeal. *Id.* Lastly, Appellant contended that appellate counsel

was ineffective for failing to properly preserve Appellant's challenge to the sufficiency of the evidence for his robbery conviction at Docket Number 3672-2016 in the Rule 1925(b) statement. *Id.*

The PCRA court held an evidentiary hearing on January 17, 2023, limited to the issue of whether trial counsel was ineffective for failing to advise Appellant of his right to testify. Trial counsel and Appellant testified at that hearing. The PCRA court denied Appellant's PCRA petition on April 17, 2023. Appellant filed timely notices of appeal. Both Appellant and the PCRA court complied with Rule 1925.

On appeal, Appellant raises four issues, which we restate as follows:

1. Whether trial counsel was ineffective for failing to file a motion to dismiss pursuant to Rule 600.

2. Whether appellate counsel was ineffective for failing to challenge the discretionary aspects of Appellant's sentence.

3. Whether appellate counsel was ineffective for failing to challenge the weight of the evidence.

4. Whether appellate counsel was ineffective for failing to properly preserve a challenge to the sufficiency of the evidence supporting Appellant's robbery conviction in the 1925(b) statement.

Appellant's Brief at 8.[3]

_____

[3] We note that in his Rule 1925(b) statement, Appellant also argued that trial counsel was ineffective for failing to advise Appellant about his right to testify. *See* Rule 1925(b) Statement, 5/15/23, at 1-2 (unpaginated). Appellant has not raised this claim in his appellate brief and acknowledges that he has abandoned this issue on appeal. *See* Appellant's Brief at 8 n.1; *see also* Pa.R.A.P. 2116(a), 2119(a); *Commonwealth v. McGill*, 832 A.2d 1014,
*(Footnote Continued Next Page)*

**Rule 600**

In his first issue, Appellant argues that trial counsel was ineffective for failing to file a Pa.R.Crim.P. 600 motion to dismiss. *Id.* at 20-23. Specifically, Appellant contends that he "was incarcerated on March 17, 2016 and was not brought to trial until February 9, 2018. Although [Appellant] filed some motions for continuance, there were numerous continuances by the Commonwealth. There was a delay of over 365 days, thus prejudicing Appellant." *Id.* at 21. Appellant claims that the Commonwealth did not exercise due diligence in bringing this case to trial and "failed to show readiness at all stages between preliminary hearing and initial trial date." *Id.* at 22-23. Therefore, Appellant concludes that trial counsel was ineffective for failing to file a motion to dismiss pursuant to Rule 600.

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

---

1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

We presume that a defendant's counsel was effective. ***See Commonwealth v. Sepulveda***, 55 A.3d 1108, 1117 (Pa. 2012). Moreover, it is well settled that "[c]ounsel cannot be deemed ineffective for failing to raise a meritless claim." ***Id.*** at 1118 (citations omitted).

This Court has explained that

to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

\* \* \*

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

***Sandusky***, 203 A.3d at 1043-44 (citations omitted and formatting altered); ***see also Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014) (stating that where a petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development" (citations and quotation marks omitted)).

Rule 600 provides as follows: "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Under Rule 600, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). If the defendant has not been brought to trial within the time provided under the Rule, the defendant may file a motion to dismiss the charges with prejudice. *See* Pa.R.Crim.P. 600(D)(1).

Our Supreme Court has explained: "in assessing any period of delay under Rule 600, it is critical to ascertain the **cause** of such delay. Stated in the most general terms, when the Commonwealth causes delay, the Rule 600 clock continues to tick; when the defendant causes delay, the clock stops." ***Commonwealth v. Barbour***, 189 A.3d 944, 958 (Pa. 2018) (emphasis in original)

When a defendant alleges that counsel was ineffective for failing to file a Rule 600 motion, the prejudice "is self-evident. A motion to dismiss under Rule 600, if meritorious, would have resulted in dismissal of the charges against [the defendant]." ***Commonwealth v. Lynn***, 815 A.2d 1053, 1056 (Pa. Super. 2003).

This Court has explained:

> The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. *See* Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (some citations omitted). When an appellant fails to present an adequately developed argument in an appellate brief, this Court may find that issue waived. *Id.*

Additionally, this Court has held that where a defendant argues that counsel was ineffective for failing to pursue a Rule 600 claim but does not discuss "the delays in bringing the case to trial or the parties who caused such delays[,]" the underlying claim lacks arguable merit. *Commonwealth v. Prater*, 256 A.3d 1274, 1283 (Pa. Super. 2021) (citation omitted); *see also Fears*, 86 A.3d at 804 (stating that where a petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development" (citations and quotation marks omitted)).

Here, the PCRA court concluded that this claim lacked arguable merit because although 694 days had passed between Appellant's arrest and the start of the trial, only 175 of the days were attributable to the Commonwealth

- 10 -

and the rest were attributable to Appellant. **See** PCRA Ct. Op., 7/13/23, at 8-11.

In his brief, Appellant fails to adequately develop the arguable merit of his underlying Rule 600 claim. Specifically, Appellant failed to discuss the periods of delay and which party was responsible for each delay. **See** Appellant's Brief at 21. Further, Appellant has not provided any citations to the record to support his claim that the Commonwealth had made the majority of the continuance requests. Therefore, we conclude that Appellant has failed to properly develop this claim for review and is not entitled to relief on this claim.[4] **See Prater**, 256 A.3d at 1283.

## Discretionary Aspects of Sentence

In his second issue, Appellant argues that appellate counsel was ineffective for failing to challenge the discretionary aspects of Appellant's sentence on direct appeal. Appellant's Brief at 23-24. Specifically, Appellant contends that the trial court imposed a sentence that was above the aggravated range of the sentencing guidelines and the trial court failed to give sufficient weight to mitigating factors, including Appellant's history of mental illness. **Id.** Therefore, Appellant concludes that his sentence "was harsh and unreasonable[]" and "appellate counsel was ineffective for failing to argue on

---

[4] In any event, if Appellant had developed his claim of trial counsel's ineffectiveness for failing to file a Rule 600 motion, we would affirm on the basis of the PCRA court's opinion. **See** PCRA Ct. Op., 7/13/23, at 8-11.

appeal the denial of the [post-sentence] motion to reconsider the sentence." ***Id.*** at 24.

"[C]laims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA." ***Commonwealth v. Sarvey***, 199 A.3d 436, 455 (Pa. Super. 2018) (citations omitted).[5]  Regarding the arguable merit prong, this Court has explained that "if the PCRA court can determine from the record that the sentence was not excessive, or that adequate reasons were placed on the record for exceeding the sentencing guidelines, then there is no underlying merit to the ineffectiveness claim and the claim must fail." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).  To establish prejudice, the defendant must demonstrate that if counsel had presented a challenge to the discretionary aspects of the sentence, counsel would have "secured a reduction in the sentence." ***Commonwealth v. Reaves***, 923 A.2d 1119, 1132 (Pa. 2007)

Here, the PCRA court concluded that this claim lacked arguable merit because the sentencing court considered Appellant's history of mental health issues and the aggregate sentence was reasonable. ***See*** PCRA Ct. Op., 7/13/23, at 14-16.

---

[5] Here, Appellant raised his sentencing claim in his post-sentence motions. However, appellate counsel did not include this claim in the Rule 1925(b) statement for Appellant's direct appeal. ***See*** Appellant's Rule 1925(b) Statement, 10/31/18, at 1-2 (unpaginated).

In his brief, Appellant fails to cite any legal authority in support of his ineffectiveness claim. Although Appellant refers to mitigating evidence presented at the sentencing hearing, Appellant's brief does not include any citations to the record of that proceeding. These failures are grounds for this Court to find waiver. **See Samuel**, 102 A.3d at 1005; Pa.R.A.P. 2119(a). Further, Appellant has not explained why there is a reasonable probability that if appellate counsel had challenged the discretionary aspects of Appellant's sentence on appeal, it would have resulted in a reduction of the sentence. **See Reaves**, 923 A.2d at 1132. Because Appellant has failed to develop his argument regarding the arguable merit and prejudice prongs of the ineffectiveness standard, Appellant is not entitled to relief on this claim.[6] **See Sandusky**, 203 A.3d at 1043-44; **see also Fears**, 86 A.3d at 804.

### Weight of the Evidence

In his third issue, Appellant argues that appellate counsel was ineffective for failing to challenge the weight of the evidence on direct appeal. Appellant's Brief at 24-29. Specifically, Appellant contends that the two witnesses' testimony regarding the incidents on March 12 and March 14, 2016 incidents had "substantial" differences. **Id.** at 24-27. Appellant also asserts that the victim's trial testimony about the February 1, 2016 incident "makes no sense"

_____

[6] In any event, if Appellant had developed his claim of appellate counsel's ineffectiveness for failing to challenge the discretionary aspects of the sentence on appeal, we would affirm on the basis of the PCRA court's opinion. **See** PCRA Ct. Op., 7/13/23, at 14-16.

- 13 -

and was inconsistent with her testimony at the preliminary hearing. *Id.* at 26. Appellant claims that because the victim was not credible, the evidence does not establish his guilt beyond a reasonable doubt and his convictions shock one's sense of justice. *Id.* at 28. Appellant argues that if appellate counsel had raised a weight-of-the-evidence claim on direct appeal, this Court "would have likely granted relief based upon the facts and circumstances of Appellant's case. Therefore, appellate counsel provided ineffective assistance by failing to raise the argument that the weight of the evidence did not support the verdict rendered for Appellant on his direct appeal." *Id.* at 28-29.

This Court has explained:

The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the lower court; this Court does not review the underlying question of whether the verdict is against the weight of the evidence.

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous,

- 14 -

vague and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Spence***, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered).

In order to establish the prejudice prong for a claim of ineffective assistance of appellate counsel "the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance." ***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (*per curiam*).

Here, the PCRA court, which also presided as the trial court at Appellant's non-jury trial, concluded that this claim lacked arguable merit. ***See*** PCRA Ct. Op., 7/13/23, at 16-18.

In his brief, Appellant presents only a bald assertion of prejudice. Appellant has not explained why there is a reasonable probability that if appellate counsel had challenged the weight of the evidence on appeal, this Court would have granted Appellant a new trial. ***See Blakeney***, 108 A.3d 750. Appellant also has failed to present any argument as to why appellate counsel had no reasonable strategic basis for this omission. ***See Sandusky***, 203 A.3d at 1043. For these reasons, Appellant has waived this claim for lack of development.[7] ***See Fears***, 86 A.3d at 804; ***Samuel***, 102 A.3d at 1005.

_____

[7] In any event, if Appellant had developed his claim of appellate counsel's ineffectiveness for failing to challenge the weight of the evidence on appeal, we would affirm on the basis of the PCRA court's opinion. ***See*** PCRA Ct. Op., 7/13/23, at 16-18.

## Sufficiency of the Evidence

In his fourth issue, Appellant argues that appellate counsel was ineffective for failing to preserve the challenge to sufficiency of the evidence supporting Appellant's robbery conviction at Docket Number 3672-2016 on direct appeal. Appellant's Brief at 29-30. Specifically, Appellant contends that appellate counsel was ineffective for failing to challenge the element of robbery that Appellant used "force, however slight" to take the victim's phone in the Rule 1925(b) statement for Appellant's direct appeal. *Id.* at 29. Appellant argues that the victim's testimony that her phone "slipped" out of her hand claim was insufficient to establish that Appellant used any force to take the victim's phone.

Section 3701 of the Crimes Code defines robbery, in relevant part, as follows:

> A person is guilty of robbery if, in the course of committing a theft, he . . .
>
> * * *
>
> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;
>
> (v) physically takes or removes property from the person of another by force however slight; . . .

18 Pa.C.S. § 3701(a)(1)(iv)-(v).

Here, the PCRA court explained:

> [Appellant] contends that the evidence was insufficient to sustain his robbery conviction because "[the victim] testified that the phone 'slipped' out of her hand" and "did not testify to any force

- 16 -

being used to take the phone." He likens the instant case to **Commonwealth v. Smith**, 481 A.2d 1352 (Pa. Super. 1984), where the defendant was convicted of robbery under section 3701(a)(1)(v) after removing a pack of cigarettes from the pocket of a blind person who was unaware of the removal. **Id.** at 1353. On appeal, the Superior Court reversed, holding that the evidence was insufficient to support the conviction because the defendant removed the property by **stealth** and not by force. **Id.** at 1353-1355.

**Smith**, however, is inapposite as [Appellant] was not charged with robbery by use of force under section 3701(a)(1)(v); rather, he was charged under section 3701(a)(1)(iv), . . .

\* \* \*

Here, there is no question that [Appellant] inflicted bodily injury during the course of committing a theft. Specifically, the evidence established that upon taking [the victim's] phone, [Appellant] immediately punched her in the face with such force that it knocked her out of her chair and to the ground. [Appellant] then charged at [the victim] and shoved her into a glass shelf, shattering it, and causing glass shards to penetrate her eyes. The Commonwealth also introduced photographs depicting the bodily injuries that she sustained. As such, the evidence unquestionably supported [Appellant's] conviction for robbery.

\* \* \*

Thus, even if counsel had properly preserved [Appellant's] underlying sufficiency challenge, it would have afforded him no relief. As such, [Appellant's] ineffectiveness claim fails.

PCRA Ct. Op., 7/13/23, at 20-22 (footnote and some citations omitted).

Following our review, we agree with the PCRA court's conclusions, which are supported by the record and free from legal error. **See Sandusky**, 203 A.3d at 1043. As noted by the PCRA court, Appellant was convicted of robbery under Section 3701(a)(1)(iv) at Docket Number 3672-2016, and that subsection does not require proof that the actor took or removed property

from the victim by force however slight. **_Compare_** 18 Pa.C.S. § 3701(a)(1)(iv) **_with_** § 3701(a)(1)(v). Therefore, Appellant's sufficiency claim has no arguable merit. Because appellate counsel cannot be ineffective for failing to raise a meritless claim, Appellant's claim fails and no relief is due. **_See Sepulveda_**, 55 A.3d at 1118.

For these reasons, we conclude that Appellant is not entitled to relief and affirm the PCRA court's order.

Order affirmed. Jurisdiction relinquished.

Judge Colins joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2024